## MARY SANDERS *vs.* MARTIN S. CHANDLER.

### November 26, 1879.

**Action of Trover against Sheriff—Failure to prove Title of Execution Debtor.**
In an action, by the owner, for converting personal property, against a defendant who justifies as sheriff, under a judgment and execution against a third person, alleging that the property in question was the property of such third person, there being at the trial no evidence that the property belonged to such third person, it was proper for the court to withdraw the execution which defendant had proved from the consideration of the jury, and also to direct a verdict for the plaintiff.

18

Same—Fraudulent Conveyance of Farm—Title to Subsequent Crops.—In such an action, it being proved by plaintiff that the property converted (a quantity of wheat) was raised by her on a farm once owned by her husband, the defendant in the judgment and execution under which the sheriff justifies, and which was transferred to her several years before the debt on which the judgment was rendered accrued; and, also, that since said transfer, she managed and controlled the farm, and the crops from it, for her own use and benefit, and there being no evidence that the husband was in possession of the wheat, or that he managed or controlled the farm, or received or enjoyed the proceeds thereof, it is not competent for the defendant to show that the transfer of the farm to the plaintiff was made with intent to hinder and delay the creditors of the husband.

Appeal by defendant from an order of the district court for Goodhue county, *Crosby, J.*, presiding, refusing a new trial. The execution mentioned in the opinion was issued on a judgment entered June 5, 1877, in an action commenced in November, 1876, on a note made on February 25, 1876, and due October 28, 1876.

*J. C. McClure*, for appellant.

*Williston & Hall*, for respondent.

GILFILLAN, C. J. Action for taking and converting a quantity of wheat. The defendant justified, as sheriff of the county of Goodhue, under an execution issued upon a judgment against James Sanders, who is plaintiff's husband. On the trial the plaintiff introduced evidence that the wheat taken was hers, and was raised on a farm managed by her, which, in 1868, was conveyed by one Nugent to said James Sanders, and, in 1871, by James Sanders and plaintiff to one Ward, and by Ward the next day to plaintiff.

The defendant introduced the judgment and execution under which he justified, and other evidence not of itself tending to disprove plaintiff's title, nor to disprove that she managed and controlled the farm, and then offered to show that the conveyance from Ward to her, in 1871, was made without any consideration, and for the purpose of hindering, delaying and defrauding the creditors of James Sanders, plaintiff's husband, and for the purpose of hindering, delaying and prevent-

ing the collection of the debts of James Sanders then existing, and those to be contracted by him in the future. This was objected to as incompetent and immaterial, and excluded. The judgment under which the defendant justifies was rendered five and a half years after the conveyance, upon an indebtedness incurred more that four years after, and it does not appear, nor was there any offer to prove, that at the date of the conveyance the plaintiff in the judgment was a creditor of James Sanders. The defendant thereupon rested his case. The court then, upon plaintiff's motion, withdrew from the consideration of the jury the execution introduced by defendant, and, both parties having rested, instructed the jury to render a verdict for plaintiff for the value of the wheat taken, which the jury did.

It may be doubted if the reason given by the court below, on the trial, for withdrawing the execution introduced by defendant from the consideration of the jury, was correct; but its action was correct, for, as the evidence stood, there was nothing from which the jury could have found that the wheat was not the property of the. plaintiff, and, therefore, the execution could have no effect in the case; and for the same reason the instruction to the jury to render a verdict for plaintiff was correct.

The evidence offered by defendant, and excluded, as to fraudulent intent in the transfer of the farm to plaintiff, in 1871, would not, if admitted, with all the other evidence in the case, have shown that plaintiff did not own the wheat, nor justified the jury in so finding. The validity of that transfer as against creditors was not directly in issue, nor was the creditor in the judgment under which defendant justified in position to impeach the transfer, unless for an incidental purpose; for he was not a creditor at the time of the transfer; nor does the offer include evidence of a scheme by which he was to be induced to give credit to James Sanders, and to be prevented, by such transfer, from collecting his debt to be so incurred.

It is unnecessary to determine whether, if the evidence already introduced tended to show that James Sanders was in possession of the wheat, or that he managed and controlled the farm, or received or enjoyed the proceeds, the evidence offered would have been proper, in corroboration or explanation of such evidence, to characterize, as it were, the acts of the parties in reference to this wheat, the property directly in question. For the evidence is uncontradicted that plaintiff, from the time of the transfer to her, managed and controlled the farm and the crops from it for her own use and benefit, as she had a right to do, under her title to the farm, and while it remained in her. The fact that the farm was transferred to her with intent to defraud the grantor's creditors would not, of itself, defeat her right to the crops raised by her upon the farm. The court was, therefore, right in excluding evidence of the fact.

Order affirmed.