## CHASE vs. OSTROM and others.

*December 7 — December 17, 1880.*

JURISDICTION: *(1) Of county court over residents of other counties.*
CLERK OF COURT: AGENCY: EXECUTION. *(2) How far clerk may act as agent for attorney in filling blanks.*

1. The county court of Milwaukee county may obtain jurisdiction in a personal action over a defendant not residing in that county, and upon process served in another county, without the voluntary appearance of the defendant.

2. The clerk of a circuit court, to whom the transcript of a judgment rendered and docketed in another county has been sent by the party or attorney obtaining such judgment, together with an execution thereon duly signed and filled out, except the dates of the filing of such transcript and docketing of such judgment by him, and with directions to file the transcript, docket the judgment, and then fill the blanks in the execution and deliver it to the sheriff — may act as the clerk or agent of the party or attorney giving such directions, in so doing; and if he does so act, the execution will be deemed issued as of the date when it is delivered to the sheriff.

APPEAL from the Circuit Court for *Green Lake* County. Plaintiff appealed from a judgment in favor of the defendants. The case is stated in the opinion.

For the appellant there was a brief by *Jenkins, Elliott & Winkler,* and oral argument by *Mr. Winkler.*

For the respondent there was a brief by *Charles W. Felker,* and oral argument by *W. B. Felker.*

CASSODAY, J. This is an action brought by the appellant, as assignee of a judgment creditor, against the sheriff of Green Lake county, and his sureties upon his official bond, for failing to levy an execution issued on said judgment, on personal property in the hands of the judgment debtor, and which was taken by one of his deputies on a junior execution received by the deputy after the other execution was received by the sheriff. The judgment under which the appellant

claims was rendered in the county court of Milwaukee county, upon process served on the defendant therein in Green Lake county, where he resided, and without any appearance on the part of the defendant. This cause was tried by the court, and the circuit judge held, as a conclusion of law, that the county court of Milwaukee county had no jurisdiction beyond the territorial limits of Milwaukee county, and hence that the judgment so rendered by that court upon service made in Green Lake county was void for want of jurisdiction. We have very recently held the contrary doctrine, and the soundness of that decision is not questioned by counsel. *Geise v. Greene*, 49 Wis., 334.

The only objection made to the execution is, that when it was sent with the transcript to the clerk of the circuit court of Green Lake county, with direction to file the transcript and have the judgment-docketed, the dates in the execution were left blank, and that they were filled in by the clerk, in pursuance of the directions to him from the attorney. We are of the opinion that the clerk may be properly regarded, under the findings of the court, as the agent of the plaintiff in the execution, or his attorney, for the purpose of filling in the blanks as directed. These things being done, the execution was in substantial compliance with the law in force at the time. See section 2969, R. S.; *Kentzler v. Railway Co.*, 47 Wis., 641. As to whether the sheriff was negligent in not making levy, the finding is too indefinite to determine.

We therefore hold, (1) that the county court for Milwaukee county may obtain jurisdiction in a personal action over a defendant not residing therein, and upon process served in another county, without the voluntary appearance of the defendant; (2) that the clerk of a circuit court, to whom a transcript of a judgment rendered and docketed in another county has been sent by the party or attorney obtaining such judgment, together with an execution thereon duly signed and filled out, except the dates of filing such transcript and docketing such

judgment, by him, and with directions to file the transcript, docket the judgment, and then fill the blanks in the execution and deliver the same to the sheriff, may act as the clerk or agent of the party or attorney giving such directions in so doing; and if he does so act, the execution will be deemed issued as of the date when it is delivered to the sheriff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.