ANDREW HARTMAN *vs.* THEODORE WEILAND.

December 18, 1886.

.Judgment as Evidence of Debt as against Stranger.— As against a stranger to it, a judgment is no evidence of the prior existence of the debt for which it was rendered.

Fraudulent Conveyance—Title of Grantee to Crops as against Creditors.—A fraudulent grantee of a farm has, as against the creditors of his grantor, title to the crops that he raises on the farm while the conveyance is unimpeached, unless it be shown that he manages the farm, and raises the crops, for the benefit of the grantor.

Plaintiff brought this action in the district court for Scott county to recover the value of 400 bushels of wheat, alleged to be his property, and to have been taken. from his possession by the defendant, sheriff of the county, under a writ of execution on a judgment in favor of Frank Nicolin and against one Anton Hartman, the plaintiff's father. The answer alleged that on August 14, 1884, Anton was indebted to Nicolin in $156.50 for goods sold and on overdue promissory notes, upon which debts Nicolin, on that day, brought suit against him in the district court for Scott county; that a writ of attachment was issued under which the defendant levied on the wheat in question, and that on September 11, 1884, judgment was entered and docketed in the action in favor of Nicolin and against Anton; that execution was issued, and was by this defendant levied on the attached wheat, which was sold on December 23, 1884. The answer further alleges that the wheat was sown, raised and harvested on a farm belonging to Anton, and that the deed by which Anton had theretofore conveyed the farm to plaintiff's brother was made for the sole purpose of defrauding Anton's creditors, and especially Nicolin.

At the trial, before *Macdonald*, J., and a jury, the defendant introduced in evidence the judgment-roll in Nicolin's suit against Anton. The complaint, dated August 14, 1884, alleged that on August 28, 1880, Anton made his promissory note to Nicolin, at four months, for $60, with ten per cent. interest, no part of which had been paid; and for a second cause of action that on the same date Anton made another promissory note at 16 months, for $55, with ten per cent. interest, on which only $18 had been paid; and for a third cause of action that between May 22, 1880, and October 5, 1880, Nicolin sold and delivered to Anton goods of the value of $15, which had not been paid. The judgment-roll showed that the summons was personally served, and that, on September 11, 1884, Anton having failed to answer, judgment for $175.71 was entered and docketed against him. No other evidence of any indebtedness of Anton to Nicolin was offered. It appeared that on December 26, 1882, Anton conveyed the farm on which the wheat was raised to his son Anton M., who, on April 1, 1883, leased it to the plaintiff, and a principal question made at the trial was whether these transactions were colorable, and whether plaintiff, in cultivating the farm and raising and harvesting the wheat, was acting merely for his father, Anton.

The jury found for defendant, a new trial was granted, and the defendant appealed.

*Peck & Brown*, for appellant.

*S. L. Pierce*, for respondent.

GILFILLAN, C. J. The plaintiff in this action ought, on the evidence, to have had a verdict for several reasons: *First*. There was no proof that Anton Hartman, the grantor in the conveyance claimed to have been fraudulent, and defendant in the attachment suit, was indebted to the plaintiff in that suit at the time of the conveyance. The judgment in that suit was, as against this plaintiff, who was a stranger to it, evidence only of the fact of its existence. It was no evidence, as against him, of the previous existence of the facts on which it was based. *County of Olmsted* v. *Barber*, 31 Minn. 256, 261, (17 N. W. Rep. 473.) *Second*. Had there been evidence of such indebtedness, still the evidence would not have been sufficient to sustain a finding that the conveyance was made with a fraudulent in-

tent. *Third.* Had such fraudulent intent between the parties to the conveyance been shown, still there was no evidence to connect plaintiff with it, or to show that he had notice of it. *Fourth.* Had the conveyance been fraudulent, that would not have avoided plaintiff's title to the crops raised by him on the farm while the conveyance was unimpeached, unless it was shown that he managed the farm and raised the crops for the benefit of the grantor. *Sanders* v. *Chandler,* 26 Minn. 273, (3 N. W. Rep. 351.)

Order affirmed.