JACOB BLOOM *vs.* SAMUEL MOY and another.

June 2, 1890.

Fraudulent Conveyance—Action by Judgment Creditor—Judgment as Evidence.—Several decisions of this court followed, to the effect that a judgment creditor, suing to set aside as fraudulent as to creditors a conveyance by the judgment debtor prior to the judgment, must prove the existence of the debt on which it was rendered at the time of the conveyance, and that, as against the grantee, the judgment does not prove it.

Action brought in the district court for Carver county, by plaintiff, a judgment creditor of Samuel Moy, to set aside as fraudulent a conveyance from that defendant to the defendant Fritz Moy. At the trial, before *Edson,* J., a dismissal was ordered at the close of plaintiff's case. A new trial was refused, and the plaintiff appealed.

*Odell & Steidl,* for appellant.

*H. J. Peck,* for respondents.

GILFILLAN, C. J.[1] The action was properly dismissed. When a judgment creditor, or one claiming through the judgment, brings an action to set aside, as fraudulent as to creditors, a conveyance of real estate by the judgment debtor prior to the judgment, he must show that the debt for which the judgment was rendered existed at the time of the conveyance. The judgment does not, as against strangers to it, prove the antecedent existence of the debt for which it was rendered. *Bruggerman* v. *Hoerr,* 7 Minn. 264, (337;) *Braley* v. *Byrnes,* 20 Minn. 389, (435;) *County of Olmsted* v. *Barber,* 31 Minn. 256, (17 N. W. Rep. 473;) *Hartman* v. *Weiland,* 36 Minn. 223, (30 N. W. Rep. 815.) The plaintiff did not prove that the debt existed at the time of the conveyance. He attempted it, perhaps, by showing that a bill or claim of plaintiff against the judgment debtor was presented to the latter prior to the conveyance. Without deciding whether what the latter said at the time would have been evidence to prove, as against this defendant, the existence of the debt, it is enough to say that there was no evidence of the identity of the

[1] Vanderburgh, J., took no part in this case.

claim thus presented with the one on which the judgment was recovered.   As plaintiff's action had to fail for absence of the proof mentioned, it was not material that evidence offered of a fraudulent intent was excluded.   The admission of it would not have affected the result.

Order affirmed.

---

[1] Vanderburgh, J., took no part in this case.