(Opinion published 52 N. W. Rep. 861.)

---

MARY M. GOWAN *vs.* JOSEPH FOUNTAIN *et al.*

Submitted on briefs June 14, 1892.   Decided June 22, 1892.

**Practice—Issuing Execution.**

> An execution issued to a county other than the one in which the judgment was rendered is valid though taken from the clerk's office before the judgment is docketed in the county to which it runs, but not delivered to the sheriff for service until after the judgment is so docketed.

**Homestead Exemption.**

> While the exemption of the life estate of the widow in the homestead of her deceased husband is not conditioned upon her occupancy of the premises, yet it is not exempt from levy and sale for her own debts, unless she occupies it as her homestead.

Appeal by plaintiff, Mary M. Gowan, from a judgment of the District Court of Chippewa County, *Powers,* J., entered December 31, 1891.

On November 4, 1881, plaintiff recovered judgment in the District Court of Swift County against Hannah J. Bensel, for $1,014.49. This judgment was docketed in Chippewa County on December 2, 1889.   A writ of execution was issued on November 26, 1889, and delivered to plaintiff's attorney, together with a transcript of the judgment, with directions to file the transcript with the Clerk of the Court in Chippewa County, and then fill up the blank date of doing it in the execution, and hand it to the Sheriff of that county.   This was done, and he levied upon and sold Mrs. Bensel's hotel property

in Montevideo, to the plaintiff. The property was not redeemed, and this action of ejectment was begun against Mrs. Bensel and her tenants, the other defendants Joseph Fountain and Jennie Fountain. R. W. Dunn died in 1879, seised of this hotel property, and occupying it as his homestead. His widow married a Mr. Bensel, and in 1885 removed from the hotel onto a farm. Defendants had judgment that the execution sale was void and that Mrs. Gowan take nothing.

*Alva Hunt*, for appellant, cited *Clute* v. *Clute*, 4 Denio, 241; *Rogers* v. *Cherrier*, 75 Wis. 54; *Dodge* v. *Chandler*, 9 Minn. 97, (Gil. 87;) *Holmes* v. *Campbell*, 12 Minn. 221, (Gil. 141;) *Mollison* v. *Eaton*, 16 Minn. 426, (Gil. 383;) *Graham* v. *Lynn*, 4 B. Mon. 18.

*C. A. Fosnes*, for respondents, cited *Dunham* v. *Reilly*, 110 N. Y. 366; *Kentzler* v. *Chicago, Mil. & St. P. Ry. Co.*, 47 Wis. 641; *Sanders* v. *Ruddle*, 2 T. B. Mon. 139; *Bybee* v. *Ashby*, 2 Gilman, 151.

MITCHELL, J. The only questions raised by this appeal involve the validity of the execution sale under which plaintiff claims title to the real estate in controversy.

Judgment was rendered and docketed in the district court in and for Swift county in favor of the plaintiff and against the defendant Bensel.

The clerk of the court in that county "issued" (to use the language of the findings) an execution on the judgment directed to the sheriff of Chippewa county, (in which the land in question is situated,) in which the date of docketing the judgment in the latter county was left blank, and at the same time "issued" a transcript of the judgment, and delivered both to plaintiff's attorney, with directions to him to have the date when the judgment should be docketed in Chippewa county inserted in the execution before it was delivered to the sheriff for service. The attorney transmitted both to the clerk of the court of Chippewa county, with instructions, after the transcript was filed, and the judgment docketed in that county, to insert the date of such docketing in the execution. Pursuant to these instructions, the clerk in Chippewa county filed the transcript, and

docketed the judgment, and inserted the date thereof in the execution, and returned it to the attorney, by whom it was thereafter delivered for service to the sheriff of Chippewa county, who proceeded thereunder to levy upon and sell the land in question. It will be observed from this that the judgment had been docketed in Chippewa county before the execution was delivered to the sheriff, and that the fact and date of such docketing were then correctly stated therein.

The line of reasoning by which it is sought to establish the proposition that this execution was void is substantially as follows: That at common law all process of courts is limited to the territory over which their jurisdiction extends; that the territorial jurisdiction of the district court in and for a particular county is limited to the county in which it is held; that, therefore, the district court has no authority to issue an execution to another county, except that conferred by statute, which is limited to counties where the judgment is docketed, (1878 G. S. ch. 66, § 299;) that consequently such docketing is a condition precedent to the authority to issue an execution, which jurisdictional fact must appear on the face of the execution when issued, (Id. § 295;) that this execution, having been issued before the judgment was docketed in Chippewa county, was absolutely void. This is substantially the line of reasoning advanced by Justice RYAN, speaking for the court, in *Kentzler* v. *Chicago, M. & St. P. Ry. Co.*, 47 Wis. 641, (3 N. W. Rep. 369.) We do not find it necessary to determine in this case whether it is sound or not. We may remark, however, that it seems to us more severely logical than practical, and we are by no means clear that under our judicial system it is correct to say that the territorial jurisdiction of the district court is limited to the county in which it sits, especially in view of the provisions of 1878 G. S. ch. 64, § 3.

But, conceding the soundness of the doctrine, its applicability to the present case depends upon the assumption that this execution was *issued* at the date on which it was made out by the clerk of the court of Swift county, and by him delivered to plaintiff's attorney. If this premise is false, of course the conclusion falls with it. The delivery to the attorney was not unqualified, but only provisional and conditional; the condition being that the judgment should be dock-

eted in Chippewa county, and the date thereof inserted in the execution before it was delivered to the sheriff for service. It was issued, in the sense of being taken from the clerk's office, before the judgment was docketed in Chippewa county, but the judgment was docketed in that county before the execution was issued in the sense of being delivered to the sheriff for service; and this is, in legal contemplation, the date of the issue of an execution. This was, in substance, what was held in *Mollison* v. *Eaton,* 16 Minn. 426, (Gil. 383.) It is true that in that case the levy was on personal property, but, as respects the authority to issue an execution to another county, we cannot see how that makes any difference. The practice adopted in the present case has obtained in this state from a very early date. It is an eminently convenient one, and injures nobody. Our conclusion, therefore, is that the execution and the sale under it were valid.

2. The land in question was, at the time of his death, the homestead of defendant Bensel's deceased husband, and as such she had a life estate in the property. She occupied it as her homestead for some time after her husband's death; but several years before the levy under plaintiff's execution she had ceased to occupy it, and had removed to another place, which she has ever since occupied as her home. This constituted an abandonment of the premises as a homestead, unless she had filed the notice required by statute. Of this there was no proof, and the burden of proving it, if the fact existed, was on her. Having been the homestead of her husband, her life estate in the land was not subject to his debts; but to exempt it from her own debts she must have occupied it as her homestead, precisely as any one else has to do.

Judgment reversed, and cause remanded, with directions to enter judgment for the plaintiff for the possession of the premises, and for damages for withholding the same since the commencement of the action in accordance with the findings of fact.