JULIA OLSON *vs.* AMUND I. AMUNDSON, Sheriff, *et al.*

Argued June 22, 1892. Decided Aug. 29, 1892.

**Fraud—Title to Crops—Evidence.**

Evidence considered, and *held* to have justified the direction of the trial court to the jury that they find for the plaintiff.

Appeal by defendants, Amund I. Amundson, as Sheriff of Chippewa County, McCormick Harvesting Machine Company, Lycurgus R. Moyer, and C. H. Budd, from an order of the District Court of Chippewa County, *Powers,* J., made February 24, 1892, refusing a new trial.

On June 28, 1884, The McCormick Harvesting Machine Company, recovered and docketed in Chippewa County a judgment against one Bord Olson, for $384.49. At that time, Olson owned the north half, and the southeast quarter of the southeast quarter, and the northeast quarter of the southwest quarter, of section 12, township 119, range 39, in Chippewa County. At that time there was a mortgage for $350 on the north half of the southeast quarter and a mortgage for $560 on the other two forty-acre tracts. The west fifty acres of the north half of the southeast quarter, and the west thirty acres of the southeast quarter of the southeast quarter, were claimed as the homestead of the Olson family. The mortgage on the eighty-acre tract was foreclosed in September, 1885, and the premises purchased at the sale by one Murray. In August, 1886, at the request of Olson, L. R. Moyer, of Montevideo, purchased the certificate of sale. After the time of redemption expired, Moyer conveyed the eighty acres to Julia Olson, Bord's wife, she paying $100 in cash furnished by herself and her sons, and giving a mortgage for the balance. In 1888, the mortgage on the other forties was foreclosed, and by practically the same methods, the title was transferred to Julia Olson in 1889. After 1886, Olson continued to live on the property with his family, but was sickly, and the farm was cultivated largely by his wife and his two boys. During the season of 1891, they raised on the eighty acres,

claimed as the homestead, eight hundred bushels of wheat. October 26, 1891, this wheat was levied on by the Sheriff of Chippewa County under an execution issued on the judgment before mentioned, against Bord Olson.

This action was brought by the plaintiff, Julia Olson, against the defendants, Amund I. Amundson, as Sheriff of Chippewa County, The McCormick Harvesting Machine Company, Lycurgus R. Moyer and C. H. Budd, sureties on an indemnity bond furnished the Sheriff, for an immediate return and possession of the wheat seized under the execution, or for the value thereof. The action was tried November 25, 1891. The defendants claimed that the deeds to the property were made to the plaintiff for the purpose of defrauding Olson's creditors, and that Olson was the real owner. The only evidence in support of this, was the fact that Olson had been active in procuring the assignment of the Sheriff's certificate to Moyer, and the deeds to his wife, and the testimony of an agent of the defendant company in regard to an admission by Mrs. Olson that they wished to get the property clear of the judgment. The court directed a verdict for the plaintiff. From an order denying their motion for a new trial, defendants appealed.

*F. V. Brown*, for appellants.

*J. O. Haugland*, and *Lyndon A. Smith*, for respondent.

COLLINS, J. The wheat in controversy was raised upon a farm the title of which was and for several years had been in plaintiff. This farm had formerly belonged to her husband, who had mortgaged it in two parcels for nearly its full value, and had allowed the mortgages to be foreclosed. With a little pecuniary assistance from a son, and with the aid of a person who procured an assignment of the foreclosure sale certificates, and also a loan upon the land for plaintiff, she was enabled to secure the fee title, and thereafter she carried on the place in her own name. There was really no evidence on the trial which would tend to establish the defendants' claim that the transfer of the land, and the conveyances through which it was accomplished, were made with intent to defraud the husband's creditors. But, had this been shown, that would not, of

itself, have avoided plaintiff's title to the crops raised by her on the farm, years after the fraudulent transaction.    *Sanders* v. *Chandler*, 26 Minn. 273, (3 N. W. Rep. 351;) *Hossfeldt* v. *Dill*, 28 Minn. 469, (10 N. W. Rep. 781;) *Hartman* v. *Weiland*, 36 Minn. 223, (30 N. W. Rep. 815;) *Erickson* v. *Paterson*, 47 Minn. 525, (50 N. W. Rep. 699.)

The testimony now under consideration conclusively established that the plaintiff, with the aid of two sons, one aged twenty-four, the age of the other not appearing, cultivated the farm, and raised the wheat in question.    The defendants made no attempt to controvert this except by inference, and the court was right when directing a verdict for plaintiff.    There was no significance in the alleged "admission" of the plaintiff, when questioned by the agent of the defendant corporation, as to her motive in securing the title to the farm in herself.

Order affirmed.

(Opinion published 52 N. W. Rep. 1096.)