PABST BREWING COMPANY v. EDWARD JENSEN.[1]

May 21, 1897.

Nos. 10,431—(77).

**Judgment—Conclusiveness—Evidence.**

> To prove an indebtedness on the part of a judgment debtor, and as of the day of its rendition, the judgment of a court of competent jurisdiction is admissible in evidence in a subsequent action between other parties. It is competent evidence of its own existence and of its legal effects for and against strangers as well as for and against parties and privies. Of course, it may be impeached by strangers on the ground of fraud and collusion, and perhaps on other grounds.

**Immaterial Decision on Appeal.**

> Several questions raised on this appeal, but of no special consequence, disposed of.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., denying a new trial. Affirmed.

*Austin N. McGindley*, for appellant.
*Wilson & Wray*, for respondent.

COLLINS, J. The execution, delivery, and filing on June 29, 1895, of the mortgage, whereby Wagner mortgaged the personal property in controversy to the plaintiff to secure the payment of his notes for $1,000, a copy of such mortgage being made a part of the complaint, stood admitted by the answer. The plaintiff's right to possess the property was exclusively rested upon this mortgage, and as to this the issue made by the answer was as to the good faith of the transaction, defendant alleging that the note was without consideration, and that the mortgage was executed and delivered for the purpose of hindering, delaying, and defrauding Wagner's creditors. The reply admitted the rendition, entry, and docketing in a court of competent jurisdiction, and in due form, of the judgment set out in the answer on September 20, 1895, for the sum of $180, in favor of Pierce and against Wagner. It also admitted that on the day of the docketing of said judgment an execution was duly issued thereon, duly directed to defendant as an officer of the court, and commanding him to satisfy the

[1] Reported in 71 N. W. 384.

amount thereof, with interest and costs, out of the debtor's personal property within the county. And that the property to recover which plaintiff brought this action was seized and levied upon and had been detained by defendant, as such officer, solely by virtue of such execution, and as the property of the judgment debtor.

With these admissions the parties proceeded to a trial by the court without a jury; the plaintiff relying upon his chattel mortgage as the basis of his right to possession, and the defendant justifying his seizure and detention of the property under the judgment and execution. No attempt was made on the argument on appeal to support the mortgage as against a creditor of the mortgagor, Wagner. It was the identical mortgage held void in fact as to creditors in Pierce v. Wagner, 64 Minn. 265, in garnishment proceedings in the same action herein involved, and also held fraudulent and void on its face as to the mortgagor's creditors in Pabst v. Butchart, 67 Minn. 191.

It is urged by appellant's counsel that the court erred in finding as a conclusion of law from the facts that the judgment alone was sufficient evidence of Wagner's indebtedness to Pierce as against the plaintiff mortgagee. The rule is well settled that a judgment, in personam, at least, of a court of competent jurisdiction, may be offered in evidence in a subsequent suit as evidence of its own existence, and of its legal effects, to prove which it is admissible for and against strangers, as well as for and against parties and privies. Of course, it may be impeached for fraud and collusion, and perhaps on other grounds, but nothing of that character was suggested as to the judgment in question. In 1 Greenl. Ev. § 538, the rule is stated that the judgment is the only proper legal evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, whoever may be the parties to the suit in which it is offered in evidence; and in Frost v. St. Paul, 57 Minn. 325, 59 N. W. 308, this rule was cited with approval. Mr. Stephens, in his Digest, article 40, states the doctrine thus:

"All judgments whatever are conclusive proof as against all persons of the existence of that state of things which they actually effect when the existence of the state of things so effected is a fact in issue, or is, or is deemed to be, relevant to the issue."

The rule as thus stated was relied on in Kurtz v. St. Paul, 61 Minn. 18, 63 N. W. 1. If anything further is needed in support of the proposition that the judgment in question was evidence of the indebtedness of the debtor, Wagner, to the creditor, Pierce, upon its rendition, and to the amount thereof, as against this plaintiff, the following authorities may be examined: 1 Rice, Ev. § 141; 3 Taylor, Ev. § 1667; Wait, Fraud. Conv. § 270. Illustrations of the application of this rule to existing facts are found in Pickett v. Pipkin, 64 Ala. 520; Vogt v. Ticknor, 48 N. H. 242; Swihart v. Shaum, 24 Oh. St. 432; Goodnow v. Smith, 97 Mass. 69. We have cited a number of authorities because of the evident sincerity of appellant's counsel, their claim being that, as against their client, the admission as to the rendition of the judgment was of no effect, and in no degree tended to prove that Pierce was a creditor of Wagner, the mortgagor; and that proof of the claim upon which the judgment was rendered was absolutely necessary.

Counsel insist that the law upon this subject is settled in consonance with their views in Bloom v. Moy, 43 Minn. 397, 45 N. W. 715, and the cases there cited; but in this counsel are clearly wrong. Those cases are in line with a vast preponderance of the authorities elsewhere to the effect that a judgment creditor suing to set aside, as fraudulent as to creditors, a conveyance by the judgment debtor prior to the judgment, must prove the existence of the debt on which it was rendered at the time of the conveyance, and that, as against the grantee, the judgment does not prove it. Or, putting it in the language used in Hartman v. Weiland, 36 Minn. 223, 30 N. W. 815, as against a stranger to it, a judgment is no evidence of the prior existence of the debt for which it was rendered. In the action now under consideration the judgment was not evidence of an indebtedness due and owing from Wagner to Pierce prior to the day upon which it was rendered, nor was it incumbent upon defendant to prove the prior indebtedness in order to successfully attack the mortgage. It was evidence of the very highest character that upon the day of its rendition Pierce was a creditor of Wagner's to the full amount of the judgment, and this was all that was required of the defendant. His right to successfully justify under the judgment and execution did not depend upon the existence of the debt prior to the filing of the

mortgage, or prior even to the day on which judgment was entered.

There is no merit in the contention that the court erred in finding the value of the property in dispute, because the value was not proven, or in the further contention that there was reversible error in finding the value as of the day of the filing of the findings, instead as of the day the action was instituted. The plaintiff alleged the value to be $1,500. There was evidence to support the allegation, and the error, if any, was in finding the value to be as low as $481.75. And of this appellant does not complain. And no error prejudicial to its interests was committed by finding the value as of the day of the filing of the findings, instead as of the earlier day. Nor is there any merit in the claim that the court erred in ordering judgment in the alternative for a return of the property, and, if a return could not be had, for the value of the special interest defendant, as an officer, had therein, to wit, $180, the amount due on the execution, with interest and costs. This was an action in claim and delivery, and the court undoubtedly took notice of the files in the action, and from which we are safe in assuming it appeared, as it did upon the trial, that the plaintiff obtained possession of the property, taking it out of defendant's custody when the action was begun. In such cases the statute[2] requires an alternative judgment. The claim that the value of the property was the measure by which to assess the amount defendant was entitled to recover in case a return could not be had was long ago disposed of in Dodge v. Chandler, 13 Minn. 105 (114).

Order affirmed.

[2] G. S. 1894, § 5420.