W. G. HOERR v. MARGARETHA MEIHOFER.

July 3, 1899.

Nos. 11,694—(208).

### Judgment—Issue of Execution Prior to Docketing of Judgment.

A judgment entered and docketed in the district court in one county was docketed in another two days after its entry. An execution directed to the sheriff of the latter county was issued and dated on the day the

judgment was entered, and such execution recited that the judgment was docketed in the latter county two days later. *Held*, the execution was irregular, but not void.

## Judgment not Evidence of Antecedent Debt.

Plaintiff, claiming under a judgment creditor, brought this action to set aside as fraudulent as to creditors a conveyance made by the judgment debtor prior to the entry of the judgment. *Held*, the judgment is not, at least as against the grantee, evidence of the antecedent existence of the indebtedness for which the judgment was rendered.

Action in the district court for Martin county to determine adverse claims to real estate. The case was tried before Quinn, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant appealed. Reversed.

*H. H. Dunn*, for appellant.

*Pfau & Pfau*, for respondent.

CANTY, J.

On February 10, 1881, John Meihofer was the owner of an undivided one-half of a certain 80 acres of land in Martin county, in this state. On that day he and his wife conveyed the land to his brother, Martin Meihofer, and the deed was recorded March 2, 1881. On the same day, Nichols & Dean brought an action against John in Blue Earth county, where he then resided, and a writ of attachment was issued out of the district court of that county in that action, directed to the sheriff of Martin county, and was levied on the land as the property of John on March 3, 1881. On March 23, 1881, Nichols & Dean obtained judgment against John in that action for $293.34, which judgment was docketed in Blue Earth county on that day, and in Martin county on March 25, 1881. On the day the judgment was entered, execution was issued thereon, directed to the sheriff of Martin county, dated that day, and reciting that the judgment was docketed in Martin county on March 25, 1881. This execution was levied on the land, which was sold thereunder on execution sale, and bid in by Nichols & Dean, on May 7, 1881. They sold the sheriff's certificate of the execution sale and all their interest in the land to this plaintiff February 29, 1882. Thereafter the time to redeem expired, and no redemption was made. On June 23, 1882,

Martin conveyed the premises to defendant, the said wife of his brother, John. This action was brought to determine the adverse claim of defendant. On the trial the court found for plaintiff, and from the judgment entered accordingly defendant appeals.

1. Appellant contends that the execution was and is void because it was issued before the judgment was docketed in Martin county, and because it recites the docketing of the judgment in that county two days after such execution was issued, and two days after its date. While, for these reasons, the execution was irregular, it was not void, but the irregularity was cured by the subsequent filing of the transcript and docketing of the judgment in Martin county two days after the execution issued, and the execution sale passed whatever title John Meihofer had at the time the judgment was so docketed. See Gowan v. Fountain, 50 Minn. 264, 266, 52 N. W. 862; Chase v. Ostrom, 50 Wis. 640, 7 N. W. 667; Rogers v. Cherrier, 75 Wis. 54, 43 N. W. 828, and cases cited.

2. Respondent claims that the deed from John and wife to his brother, Martin, and the deed from Martin back to John's wife, this appellant, were executed without consideration, and were made and received with intent to defraud the creditors of John; and the court so found. But appellant contends that there is no evidence that John was ever, prior to the entry of the judgment against him, indebted to Nichols & Dean, and that, therefore, plaintiff is not in position to impeach the conveyance from John to his wife through Martin. In our opinion, the point is well taken. The only evidence given on the trial of any such indebtedness was the evidence of defendant that her husband said he owed Nichols & Dean, in St. Paul, and the evidence of Martin that about the time the deed was made to him his brother, John, told him that he (John) owed Nichols & Dean, in St. Paul, but that he did not state how much he owed them. Even if it were held that this was competent as evidence to prove an indebtedness from John to Nichols & Dean, the amount of that indebtedness nowhere appears, and it does not appear that it was the same indebtedness for which the judgment was entered by Nichols & Dean against John. See Bloom v. Moy, 43 Minn. 397, 45 N. W. 715. This court has often held that a judgment does not, at least as against strangers to it, prove the antecedent existence of

the debt for which it was rendered.   Hartman v. Weiland, 36 Minn. 223, 30 N. W. 815; Bloom v. Moy, supra, and cases cited.

Judgment reversed, and a new trial granted.