JOHN W. SCHMITT v. AMELIA DAHL.[1]

February 13, 1903.

Nos. 13,268—(160).

**Fraudulent Conveyance.**

In an action by a judgment creditor to set aside as fraudulent a conveyance of property made prior to the entry of the judgment, *held*:

**Proof of Claim—Collateral Attack on Judgment.**

It is necessary to prove that the claim upon which the judgment is based existed prior to the time of the conveyance, but the judgment itself does not prove such fact. It is not required to establish the fact that the claim was lawful. In such action the grantee is estopped from

[1] Reported in 93 N. W. 665.

setting up any defenses which might have been interposed by his grantor in the original action. Such judgments cannot be impeached in collateral proceedings, except for fraud.

### Action by Trustee in Bankruptcy.

A trustee in bankruptcy is entitled to maintain such action to set aside the fraudulent conveyance where the estate of the judgment debtor is in the bankrupt court, and the claim has been filed.

Action in the district court for Brown county by plaintiff, as trustee in bankruptcy of the estate of Peter H. Dahl, to set aside a conveyance of real estate made by the bankrupt to defendant Amelia Dahl, on the ground that the transfer was in fraud of creditors. The case was tried before Webber, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed, and judgment ordered for plaintiff.

*H. L. Schmitt, Jos. A. Eckstein* and *J. W. Schmitt*, for appellant.

Hahl's judgment against Peter H. Dahl is, in this action, conclusive against him and the whole world, as to the amount and the validity of the debt on which it was recovered, and it cannot be collaterally attacked by the defendant, Amelia Dahl, except for fraud, collusion or want of jurisdiction in procuring it. State v. Prestage, 116 Iowa, 466; Fuller v. Nelson, 35 Minn. 213; Scanlan v. Murphy, 51 Minn. 536. The true rule is and ought to be, that, in the absence of an allegation and proof of fraud or collusion between the debtor and creditor, a judgment procured by the latter against the former (after a fraudulent conveyance of property by the debtor) upon a pre-existing debt or claim, in a court of competent jurisdiction, is conclusive evidence against the fraudulent grantee of the validity and amount of the claim, in an action by the judgment creditor or his representative to set the conveyance aside. Sidensparker v. Sidensparker, 52 Me. 481; Mt. Desert v. Inhabitants, 72 Me. 352; Candee v. Lord, 2 N. Y. 269; McMannomy v. Chicago, 167 Ill. 497; Pickett v. Pipkin, 64 Ala. 520; Scott v. Indianapolis, 48 Ind. 75; Faber v. Matz, 86 Wis. 370; Edmunds v. Mister, 58 Miss. 765; 1 Herman, Est. 165–174; 14 Am. & Eng. Enc. (2d Ed.) 323; Ferguson v. Kumler, 11 Minn. 62 (104); Burgess

v. Simonson, 45 N. Y. 225; Carpenter v. Osborn, 102 N. Y. 552; Swihart v. Shaum, 24 Oh. St. 432; Sawyer v. Moyer, 109 Ill. 461.

Creditors can attack a judgment collaterally when it is a fraud upon them, as when it has been obtained by collusion; but they cannot set it aside merely because it is a fraud upon the debtor. Thompson's Appeal, 57 Pa. St. 175; Lewis v. Rogers, 16 Pa. St. 18; Clark v. Douglass, 62 Pa. St. 408; Ludington's Petition, 5 Abb. (N. C.) 307, 323; 2 Van Fleet, Former Adjud. 917, 921, 922; 2 Black, Judg. (2d Ed.) § 605; Bump, Fraud. Conv. (4th Ed.) § 587; Bigelow, Est. (5th Ed.) 150, 151.

*Hoidale & Somsen*, for respondents.

A conveyance valid and operative when executed, should not be vitiated by the acts or omissions of a party no longer interested in the subject-matter conveyed. Bruggerman v. Hoerr, 7 Minn. 264 (337); Stone v. Myers, 9 Minn. 287 (303); County of Olmsted v. Barber, 31 Minn. 256; Hartman v. Weiland, 36 Minn. 223; Bloom v. Moy, 43 Minn. 397. A judgment does not, at least as against strangers to it, prove the antecedent existence of the debt for which it was rendered. Hartman v. Weiland, supra; Bloom v. Moy, supra, and cases cited; Gage v. Stimson, 26 Minn. 64; Pabst Brewing Co. v. Jensen, 68 Minn. 293; Maloney v. Finnegan, 40 Minn. 281; Nowak v. Knight, 44 Minn. 241; American B. & L. Assn. v. Stoneman, 53 Minn. 212. We have alleged and proven deceit, which entitled Dahl to have his contract rescinded or give him a right to have the notes delivered up and cancelled. All that is necessary for the respondent in this action is to show a defense which bars the right of recovery in plaintiff, and this we have done. It was not necessary for defendant to plead or prove any certain or definite amount as damages. All that was necessary was to show that Dahl had suffered some prejudice or damage as a result of the representations falsely made. 14 Am. & Eng. Enc. (2d Ed.) 140; 2 Pomeroy, Eq. Jur. § 898; MacLaren v. Cochran, 44 Minn. 255; Harlow v. La Brum, 151 N. Y. 278; Knappen v. Freeman, 47 Minn. 491; Nelson v. Carlson, 54 Minn. 90.

Under the bankruptcy act, a trustee, as plaintiff, stands in no better position than the creditor whom he represents in an action

to set aside an alleged fraudulent transfer. Brandenburg, Bank. (2d Ed.) p. 724, § 55. Plaintiff cannot recover in any event, even if a new trial were granted, because Hahl's claim, if he in fact had one, was never proven in the bankruptcy proceedings. This law requires that the proof shall state the consideration of the claim, and that whenever a claim is founded upon an instrument in writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim, or reasons shall be given why it is not so filed. The statement of the consideration in the pretended proof of claim is this: "Money due on three promissory notes now reduced to judgment which judgment has been docketed in Brown county, Minnesota." This is no statement of the consideration. In re Elder, 1 Saw. 73, Fed. Cas. No. 4,326; Bump, Bankr. (10th Ed.) 632; Black, Bankr. 175; Brandenburg, Bankr. (2d Ed.) p. 501, § 2.

LEWIS, J.

In 1895 Peter H. Dahl, a resident of Brown county, Minnesota, purchased certain real estate in Texas, made a cash payment thereon, and executed and delivered his certain promissory notes, maturing from one to four years, for the remainder of the purchase price. In 1900 an action was commenced in Brown county, Minnesota, against him, to recover the amount due upon these notes, by C. W. Hahl, who was then the owner of the same. Dahl appeared and answered, admitted the execution of the notes, alleged that they were given in payment of certain Texas real estate, and that subsequent thereto the plaintiff in that action had taken back the real estate in full payment and settlement of the notes. The action came on for trial, and plaintiff made motion for judgment upon the pleadings, and it was stipulated by the parties that judgment might be entered for plaintiff against defendant for $2,411.03. Judgment was entered accordingly on January 8, 1901. On July 17, 1900, Dahl, his wife joining, conveyed to their daughter Amelia Dahl eighty acres of land located in Brown county, which conveyance was recorded on December 19, 1900. On January 3, 1901, Dahl filed his petition in bankruptcy, and was duly adjudged bankrupt, and plaintiff was thereafter appointed trustee of his estate in bankruptcy. On January 26,

1901, Hahl, the judgment creditor, filed his claim in bankruptcy, which was duly allowed on the same day. This action was commenced by the trustee for the purpose of subjecting the eighty acres of land conveyed to Amelia Dahl to the claim filed in the bankruptcy court.

The complaint alleged that Amelia Dahl was a fraudulent grantee, having received the property without any consideration, and having full notice of the existence of the indebtedness and judgment against Peter H. Dahl. Amelia Dahl interposed a separate answer, admitting the execution of the notes, and, as a defense, alleged that the notes were without consideration, having been obtained by false representations as to the character and value of the land, all of which facts were known to the judgment creditor, Hahl. The court found that the notes had been obtained by fraudulent representation, and that Hahl had notice thereof; that the conveyance by Peter H. Dahl to Amelia Dahl was made without consideration, for the purpose of defrauding the creditors of Peter H. Dahl; and that Amelia Dahl had knowledge of the fact. Judgment was entered in favor of Amelia Dahl and against the plaintiff, to the effect that he was not entitled to the relief demanded, and from this judgment the plaintiff appealed.

The most important question presented on this hearing is whether the fraudulent grantee may, in a collateral proceeding, defend upon the same ground that was open to the judgment debtor in the previous action, in the absence of proof that such judgment was procured by fraud, collusion, through mistake, or that the court did not possess jurisdiction. It is assumed by respondent that the question was settled by this court in the case of Bruggerman v. Hoerr, 7 Minn. 264 (337), and subsequent cases, and it will be necessary to examine the decisions with some particularity.

In Bruggerman v. Hoerr the plaintiff had entered into a contract with one Keck, by which he advanced certain moneys to him for the purchase of a pre-emption claim, and judgment was recovered against Keck for the amount so advanced; Keck having failed to make the defense that the contract to advance money for such purposes was void, and that there was actually no indebtedness.

Prior to the entry of judgment, Keck had transferred property to Hoerr, and the action was brought to reach the property upon the ground that the transfer was fraudulent and without consideration. After stating that it was necessary for the plaintiff to show he was a creditor of Keck at the time of the transfer of the real estate, the court said:

"If he had a claim or demand which could then, or when it became due, be legally enforced against Keck, he was a creditor. But if his claim or demand was not of a character to be legally or equitably enforced, he was not a creditor, * * * and therefore could not be prejudiced by any disposition which Keck might choose to make of his property. And if the conveyances were not invalid at the time they were executed, as a fraud upon the rights of the plaintiff, * * * it seems clear that they could not be vitiated by the subsequent act or omission of the grantor to which the grantee was not a party."

And the court held that, since in fact there was no indebtedness owing by Keck which could at any time have been legally enforced against him, the conveyances were not executed in fraud of the judgment creditor; that Keck could easily have defeated the action, and that his failure to make the proper defense, whether by collusion with the plaintiff, or through indifference as to the result of the action, would be a fraud upon the grantee; that the holder of a title perfect in its inception should not be devested at the will of another over whom he can exercise no control. And reference was made to the statute prohibiting fraudulent conveyances, which then read:

"Every conveyance * * * of any estate or interest in lands * * * made with the intent to hinder, delay or defraud creditors or other persons of their lawful actions, damages, forfeitures, debts or demands, * * * shall be void." G. S. 1894, c. 41, § 4222.

It will be seen that the court placed its decision upon several grounds: First, that there may have been collusion and fraud, from the fact that Keck did not make the proper defense; second, that it was incumbent upon plaintiff to show that the indebtedness upon which the judgment was founded existed prior to the

time of the conveyance which he attacked, and consequently that he was required to prove the actual existence of such debt, without regard to the judgment subsequently entered; third, that the statute avoided conveyances only in favor of persons having lawful claims, and that, the claim in- that case being void under the statute, the grantee might show the fact. The court was correct in so far as it was held that the judgment creditor was compelled to prove that the claim upon which the judgment was founded existed prior to the time of the conveyance, and also that if a proper defense was not made by Keck, by reason of collusion, or in pursuance of some fraudulent purpose, then the grantee would not be estopped from setting up the real defense which might have been interposed in the original action; but in so far as the court intimated that the judgment creditor was required to establish not only the fact of the existence of his claim prior to the conveyance, but also a legal or real indebtedness, we are of the opinion that the court was mistaken, and that the subsequent decisions referring to this case are not in conflict with this view.

In the case of Stone v. Myers, 9 Minn. 287 (303), it was held that a creditor seeking to subject to his claim real estate paid for by the debtor, but conveyed to another, must have been a creditor at the time of the conveyance, but the case did not involve the question now raised; that is, the validity of claim of indebtedness.

In Ferguson v. Kumler, 11 Minn 63 (104), Joseph Kumler had conveyed certain property to his brother, and Ferguson, who subsequent to the conveyance had procured judgment against the grantor, brought an action to subject the property to the judgment upon the ground that it had been fraudulently conveyed. The grantee defended, and attempted to set off two promissory notes which had been given by Ferguson to the grantor, and which it was claimed ought to have been set off by the grantor in the action which terminated in the judgment. It was insisted in that action that the grantee was not concluded by the judgment, because the conveyance was not made with intent to hinder or delay the judgment creditor of any lawful claims, and the notes attempted to be set off were void for the reason that they had been given

in pursuance of a contract to advance money to preempt government land; and the court said:

"The judgment ought to be held good, not only against the judgment debtor, but all the world, if it was duly rendered on a sufficient cause of action. Of course, we have no reference to a case where judgment was obtained by fraud on the part of the court or referee, or by a fraudulent collusion between the judgment creditor and debtor."

The court held that the notes were void, having been given in pursuance of a contract to preempt government land, and for that reason they could not be set off in the original action, if that defense had been made therein, and, conceding that the grantee was not estopped by the original judgment against the grantor, his defense was not available. It will thus be seen that the court did not consider — much less determine — whether or not the grantee would be estopped from asserting the same defense which might have been made by his grantor in the original action.

In Hartman v. Weiland, 36 Minn. 223, 30 N. W. 815, it was held that a fraudulent grantee of a farm has, as against the creditors of his grantor, title to the crops that he raises on the farm while the conveyance is unimpeached, and that, as against a stranger to it, a judgment is no evidence of the prior existence of the debt for which it was rendered; and the court referred to the case of County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944; but the question of what was meant by the previous existence of the debt was not there considered.

The next case is that of Bloom v. Moy, 43 Minn. 397, 45 N. W. 715, where it is stated that the plaintiff did not prove that the debt existed at the time of the conveyance, but the court did not consider what is meant by the previous existence of the debt.

In Pabst Brewing Co. v. Jensen, 68 Minn. 293, 71 N. W. 384, one Wagner had executed a chattel mortgage upon certain property to the plaintiff, and subsequent thereto a creditor had obtained judgment against Wagner; and the defendant, as an officer, had seized the property under execution issued upon the judgment, claiming the mortgage to be fraudulent. The mortgagee brought the action to recover possession of the property, and the officer

88 M.—33

justified under the judgment. It was there held that the judgment (the same having been entered by a court having jurisdiction) was admissible, and was competent evidence of its own existence, as against the mortgagee. The point having been made that it was necessary for the defendant to prove the existence of the debt prior to the rendition of the judgment, the court referred to the case of Bloom v. Moy, supra, and others, and stated that those cases were in line with the authorities which hold that a judgment creditor suing to set aside, as fraudulent, a conveyance by the judgment debtor, must prove the existence of the debt on which it was rendered at the time of the conveyance, and that the judgment does not prove such fact, and, after stating that the cause under consideration was not such an action, held that the judgment in that case was evidence of its own existence, and of its legal effects, as against the mortgagee.

In Hoerr v. Meihofer, 77 Minn. 228, 79 N. W. 964, an action was brought by the assignee of a judgment creditor to test the validity of a fraudulent grant of certain real estate, and the point was made on the part of the defense that there was no evidence of the indebtedness prior to the entry of judgment. The point was sustained upon the ground that the proof as to the prior indebtedness was indefinite and insufficient; and while the court referred to the cases of Bloom v. Moy and Hartman v. Weiland, supra, the question of the nature of the indebtedness and its legal sufficiency was neither involved nor discussed.

These cases are the only ones to which our attention has been called in which this court has, either directly or indirectly, referred to the question now under consideration. It will be observed that in no case since Bruggerman v. Hoerr was there involved the proposition that the claim upon which the judgment was predicated must be shown to have had a legal existence prior to the time of the conveyance sought to be set aside. In the case before us the question is squarely presented, and, in our opinion, must be decided contrary to respondent's contention, and to some of the views expressed in Bruggerman v. Hoerr.

It is elementary that, where the court has jurisdiction of the parties and the subject-matter of a particular case, its judgment,

unless reversed or annulled in some proper proceeding, is not open to attack or impeachment by parties or privies in any collateral action or proceeding whatever. The rule is thus stated by Mr. Black in his work on Judgments, and it is firmly established by all the courts of this country and of England. It is unnecessary to refer to the Minnesota decisions in support of this doctrine. They are many, and cover nearly every phase of the question. The exceptions to the rule are also well defined, and are set forth in detail in Bump, Fraud. Conv. (3d Ed.) 576, and there is an elaborate discussion of the subject in 1 Black, Judg. (2d Ed.) § 245. Our own court, in numerous decisions, has recognized the exceptions, but we will not review them; and it is enough to state that it is generally held that judgments cannot be impeached in a collateral proceeding except for fraud, collusion, or want of jurisdiction.

The decisions above reviewed establish the rule that a judgment is not proof of the prior existence of the claims upon which it is based, in a case where the judgment creditor seeks to reach the property which was conveyed prior to the entry of the judgment. The reason of the rule is plain. It is of no consequence to the judgment creditor what the judgment debtor may have done with his property prior to the time he became a creditor. As to him, the judgment debtor may give away his property, or convey it with a fraudulent purpose. Only those creditors who became such prior to the time of the fraudulent conveyance have a right to complain; hence the necessity of showing the existence of the claim prior to the conveyance. But there is no reason why the judgment finally entered in pursuance of the litigation between the original parties should not be binding upon the grantee in all other respects the same as between the parties to the judgment. The doctrine that judgments will not be disturbed has its foundation in the necessity of bringing to an end, within reasonable limits, all questions that have arisen or might have arisen with respect to the controversy; and if the judgment debtor himself is cut off from again litigating or from introducing new defenses which might have been introduced in the original action, for the same reason those who take under him should be subject to the same limitation. These two thoroughly established rules of law

are not inconsistent, and may be construed together, giving each full force.

Of the authorities directly in point where the judgment was entered subsequent to the date of the conveyance, see Candee v. Lord, 2 N. Y. 269; Sidensparker v. Sidensparker, 52 Me. 481; Scott v. Indianapolis, 48 Ind. 75; Strong v. Lawrence, 58 Iowa, 55, 12 N. W. 74; Minnesota v. Schaack, 10 S. D. 511, 74 N. W. 445.

The point is made that appellant cannot maintain this action for the reason that the Hahl claim was never proven in the bankruptcy proceedings, and that the trustee does not represent the creditor. It was found by the court that the claim was filed, and allowed by the referee. The claim necessarily included the notes and judgment, although not specifically mentioned. We think this is sufficient, and respondent is not in position to take advantage of any irregularity, if any there was, in the filing of the claim. The trustee in bankruptcy is authorized by the bankrupt act to take such proceedings as may be necessary to protect the creditors of the estate; and the claim having been allowed, and the trustee having assumed jurisdiction by the commencement of this action, it is immaterial in what particular form the claim may have been proved up. This action is based upon the judgment. It is admitted in the answer that the notes were executed and the judgment rendered. The court so found, and the respondent is not permitted to raise any question in reference to the manner or method of entry of the judgment,—whether upon confession or by stipulation. In the absence of evidence to show that it was fraudulently entered, he is bound by it as a claim in bankruptcy, the same as in all other cases.

Judgment reversed, with directions to enter judgment for appellant for the relief demanded in his complaint.