# DEAN v. SKINNER.

1. **Conveyance**: SECRET RESERVATION: FRAUD. A conveyance of land, with a secret reservation that the vendor shall have the use and enjoyment of it for a time without payment of rent, the same constituting a part of the consideration, is fraudulent although based upon a valuable consideration.

*Appeal from Mitchell District Court.*

WEDNESDAY, MARCH 22.

THE plaintiff, Dean, is a judgment creditor of the defendant, Skinner. After the contracting of the debt, but before the rendition of the judgment, Skinner sold and conveyed certain land to his co-defendant, Edna A. Hall. Execution was issued upon the judgment and a return made that no property was found to satisfy it. The petition avers that the conveyance made to Mrs. Hall was without consideration, and for the purpose of hindering and delaying the creditors

·of said Skinner from collecting their debts. The petition prays that the deed be set aside, and that the land be decreed to be sold to satisfy the plaintiff's judgment. Decree for defendants. Plaintiff appeals.

*D. W. Poindexter*, for appellant.

*L. M. Ryce*, for appellees.

To invalidate the conveyance fraud must be shown against the grantee, or participation in fraudulent intent of the grantor. (*Steele v. Ward*, 25 Iowa, 545; *Adams v. Foley*, 4 Id., 44; *Miller v. Bryan*, 3 Id., 218; *Preston v. Turner*, 37 Id., 671; *Jasper v. Kelley*, 52 N. Y., 24.) Inadequacy of consideration will not be considered unless it goes to the extent of justifying the presumption of fraud. (May on Fraudulent Alienation of Property, pp. 236–7.) In conveyances to relatives moral considerations are not to be disregarded. (Id.; Hilliard on Vendors and Vendees, 370-1-2-3-4.) If the plaintiff doubts his title to the relief he wishes, the bill should be framed with a double aspect so that if the court should decide against him in one view, it may afford him assistance in the other. (Story's Eq. Pl., 43.) The alternative case, however, ·must be the foundation for precisely the same relief. (Daniell's Ch. Pr., 383-4-5; 22 Miss., 27.) To show that a deed absolute upon its face was given simply as security, the evidence must be clear and convincing, equal to that upon which a deed would be reformed. (*Kent v. Lasley*, 24 Wis., 654; *Corbet v. Smith*, 7 Iowa, 70; *Gardner v. Weston*, 18 Id., 533.

ADAMS, J.—The evidence shows that the land in question was a farm consisting of 135 acres, and worth about $30 an acre, or $4,050; that it was conveyed subject to an incumbrance of $1,500; that Mrs. Hall previously advanced to Skinner about $1,300 by way of loan; that the consideration of the deed was the $1,300, and the reservation to Skinner of the right to the use of the premises, and the enjoyment of the profits thereof, without rent, for the period of one year after the conveyance, which use of the farm was estimated to be

of the value of $480, and Skinner occupied the farm in accordance with the right so reserved.

It seems to be well settled that, where land is conveyed with a secret reservation, the vendor shall have the right to use and enjoy it for a time without the payment of rent, such use and enjoyment constituting a part of the consideration, the conveyance is fraudulent in law, although based upon a valuable consideration. See *Macomber v. Peck*, 39 Iowa, 351, and authorities there cited.

The deed to the defendant, Mrs. Hall, should be declared invalid so far as the right of the plaintiff to subject the property to the payment of his judgment is concerned.

REVERSED.