JACOB LEQVE, Assignee, v. MARGARET SMITH and Others.[2]

November 27, 1895.

Nos. 9360—(36).

**Fraudulent Conveyance—Continued Possession.**

 The burden of rebutting the presumption of a fraudulent intent, arising from the actual and continued possession by the vendor of property sold, rests upon the vendee, as against creditors, under G. S. 1894, § 4219; but this burden does not rest upon him to show affirmatively that the vendor was not implicated in or guilty of the fraud, because the fraudulent intent of the vendor cannot affect the rights of a bona fide purchaser for a valuable consideration, without notice. It is sufficient if the vendee is innocent

[1] Reported in 65 N. W. 96.    [2] Reported in 65 N. W. 121.

of any fraud, and did not participate therein, and had no notice of the fraudulent intent of the vendor.

Appeal by plaintiff from an order of the district court for Olmsted county, Start, J., denying a motion for a new trial.    Affirmed.

*Chas. C. Willson*, for appellant.

*C. E. Callaghan* and *H. A. Eckholdt*, for respondents.

BUCK, J.[3]    The defendant Holden R. Smith, in the month of March, 1892, was considerably in debt, and, while so indebted, he sold to the defendant Margaret Smith, for $600, 18 head of cows, 6 yearlings, and 5 horses and colts, and gave her a bill of sale.    The sale was not followed by an actual and continued change of possession of the property, but it remained in possession of the vendor.    On November 16, 1893, Holden R. Smith and his partners in the creamery business made a general assignment of all of their nonexempt property, under the insolvent law of 1881 and its amendments; and the assignee brings this action to recover such property mentioned in the bill of sale as had not previously been sold, alleging that Holden R. Smith made the sale to Margaret Smith, with intent to defraud his creditors, and that he retained the possession of it with her consent, and for a valuable consideration.    It appears that she did consent to leave the possession of the property with him, but the jury must have found that she bought the stock in good faith, with no intent to hinder, delay, or defraud any one.

The trial judge charged the jury substantially as follows:    That where a bona fide purchaser for a valuable consideration is without notice of any intent on the part of the vendor to defraud creditors, and when there is no change of possession of the things purchased, under the provisions of G. S. 1894, § 4219, it need not also be made to appear by the purchaser, in order to maintain an action, that the vendor had no such intent.    The real controversy to be decided upon this appeal arises upon this instruction given to the jury.

The question of fraudulent intent arising under the foregoing title is a question of fact, and not of law, and must be submitted to a jury,

[3] Start, C. J., before whom this case was tried in the district court, took no part.

unless the fraudulent sale is contained in an instrument which upon its face contains the evidence of the fraudulent intent. Filley v. Register, 4 Minn. 296 (391). This question of fraudulent intent was accordingly submitted to a jury, and the verdict rendered in favor of the defendants. It is admitted that the burden of rebutting the presumption of a fraudulent intent arising from the actual and continued possession of the property by the vendor rested upon the purchaser or vendee as against creditors. But there is no such burden resting upon the vendee to show that the vendor was not implicated in the fraud, because the fraudulent intent of the vendor cannot legally affect the rights of a bona fide purchaser for a valuable consideration and without notice. It is sufficient if the vendee is innocent of any fraud, and did not participate therein, and had no notice of the fraudulent intent of the vendor.

Where a creditor of a vendor seeks to invalidate a sale upon the ground of fraud, he must prove facts which establish fraud upon the part of the vendee, and that he had notice of the fraudulent intent of the vendor. It seems to us that it would be an intolerable hardship to deprive a bona fide purchaser for a valuable consideration of his property because it might be difficult or quite impossible for him to satisfy a jury by affirmative evidence just what the precise intent of his vendor was in making the sale. The statute itself is explicit upon this question. G. S. 1894, § 4225, provides as follows: "The provisions of this title shall not be construed in any manner to affect or impair the title of a purchaser for a valuable consideration, unless it appears that such purchaser had previous notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor." The counsel for appellant is mistaken in his contention that this section does not include a vendor of chattels. Its language is broad, and the provisions of the title to which it refers include the sale of chattels. In Leach v. Flack, 31 Hun, 605, and substantially in Griffin v. Marquardt, 21 N. Y. 121, it was held that a similar statute was applicable to a sale of chattels, and it was also held that the innocent vendee would be protected in his purchase of property, and that such title is not defeated because the vendor from whom the purchase was made intended to hinder, delay, or defraud his creditors.

Although a sale might be void where the vendee paid an adequate consideration, if there was bad faith by the vendee in participating in the fraud, yet an honest purchaser, conscious of no design to injure, should not be punished by the loss of the consideration so paid. A contrary doctrine might place it in the power of a dishonest or vindictive vendor to have the sale annulled by his admissions of his intent. It has been said that the "clever or brilliant scoundrel too often escapes with his ill-gotten gains in the maze of admiration excited by his audacity." Such an unscrupulous scamp would as soon make an innocent vendee the victim of his fraudulent villainy as a general creditor or any third person. "The common law, it is said, is tender of presuming fraud from circumstances, and expects that it be manifest or plainly inferable." Wait, Fraud. Conv. § 5. To presume a dishonest purpose upon the part of the vendee because the vendor is dishonest is too illogical a deduction to be tolerated as a rule of law. We do not care to spend time in the examination of many authorities, either English or American, however able or persuasive they may be, because we believe it to be the fundamental law that, while the guilty should be punished, the innocent should go free, and that the sins of a fraudulent vendor should not be permitted to nullify the innocent acts of an unsuspecting vendee. Our registry laws, insolvency laws, and commercial laws in regard to negotiable paper embody this spirit of general justice, and "that, in seeking to catch rogues, it is not the proper function of courts to ensnare honest men." There ought to be a legal morality in protecting honesty as well as a legal obligation to punish fraud. There is no more reason why general creditors should be protected than an innocent vendee. If the latter pays a full consideration for the property purchased, the proceeds go to swell the vendor's funds with which to pay his indebtedness to the general creditors. Certainly, his equity is equal to that of the general creditors, and his legal rights should supersede theirs.

There was no error, therefore, in the charge of the trial court, and the order denying the motion for a new trial is affirmed.

MITCHELL, J. I concur. The only question is as to the meaning and effect of G. S. 1894, § 4219; the contention of plaintiff being

that where the sale of goods and chattels is not accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things sold, the sale is void as to creditors, if the vendor made it with a fraudulent intent, notwithstanding that the vendee was a bona fide purchaser, who paid full value, and who did not participate in or have any knowledge of the fraud of his vendor. The statute will not bear any such construction, and was never intended to effect any such radical change in the law.    Whether G. S. 1894, § 4225, applies to sales of personal as well as of real property is not important, for it is only declaratory of a common-law rule applicable alike to both.    The interests of a bona fide purchaser for value have always been held superior to those of the general creditors of the vendor.    Hence the doctrine is as old as the law itself that a debtor may dispose of his property with intent to defraud his creditors, and yet give good title to one who pays value, and has no knowledge of and does not participate in the fraud.    The rights of a bona fide purchaser for value are protected, though the vendor or grantor may have been actuated by a fraudulent intent.

The history and object of the statute under consideration are well known.    The courts were divided upon the question as to whether possession by the vendor after sale was only prima facie or conclusive evidence that the transaction was covinous.    The statute was merely designed to settle this mooted question, and not to change or affect the rights of bona fide purchasers for value.    It merely declares a sale under such circumstances presumptively fraudulent and void as to creditors, and casts upon the purchaser the burden of proving that it is not.    This he may do as before by proving that he was a purchaser for value, without notice or knowledge of any fraudulent intention on the part of his vendor.    The statute is neither new nor peculiar to this state, and never, so far as I am aware, has the construction contended for by plaintiff been even suggested in either decision or text-book.    On the contrary, it seems to have been always taken for granted that its meaning and effect are as we have suggested; and, if direct decisions to that effect are not to be found, it is because it has never occurred to the courts or to the bar that it would admit of any other construction.    It is worthy of note that we have a similar

provision as to chattel mortgages (G. S. 1894, § 4129) and I think it would be a surprise to the bar if it should receive from the courts any such construction as that contended for by plaintiff.

CANTY, J.    I concur with Judge MITCHELL that, under this statute, a bona fide purchaser for value should be protected after he has proved that he is such; but I do not concur in what he seems to imply by his argument, that the test as to who is such a purchaser is the same when he permits the chattels purchased to continue in the possession of the vendor as when he does not.    The statute (G. S. 1894, § 4219) provides that unless the sale "is accompanied by an immediate delivery, and followed by an actual and continued change of possession, of the things sold," it "shall be presumed fraudulent and void as against the creditors of the vendor."    The vendee purchasing property with intent to permit it to continue in the possession of the vendor is by this statute required to presume that the intention of the vendor is fraudulent, just as much as the jury are required on the trial so to presume.    The transaction is not in the usual or ordinary course of business, and is condemned by the statute.    The vendee is by the statute, when making the purchase, bound to presume the transaction fraudulent on the part of the vendor, is put on his guard, and is bound to make inquiry and use due diligence to ascertain for himself the intent of the vendor.    After he has done this, and fails to discover anything fraudulent, he is excused, and may purchase in good faith, and obtain the rights of a bona fide purchaser for value, even though the vendor's intent was, in fact, fraudulent. On the trial of the creditors' action, the burden is on the vendee in such a case to prove that he did make such inquiry and use such diligence, and failed to discover the fraudulent intent of the vendor. The charge of the trial judge did not impose any such burden on the vendee, nor was he requested so to charge; the only claim being that the vendee was bound to prove the good faith of the vendor as well as his own good faith, and that in no event would his own good faith protect him if, in fact, the vendor made the sale with intent to defraud his creditors.