SWANTE ANDERSON v. C. E. LINDBERG and Another.[1]

May 21, 1896.

Nos. 9940—(88).

**Fraud on Creditors—Conveyance in Trust—Complaint.**

    *Held*, in an action brought by a judgment creditor to subject certain real estate previously conveyed by the judgment debtor to a third party to sale in satisfaction of an execution issued upon the judgment, that the complaint failed to state facts sufficient to constitute a cause of action under either section 4218 or 4222, G. S. 1894.

Appeal by plaintiff from an order of the district court for Meeker county, Powers, J., sustaining a demurrer to the complaint. The material allegations of the complaint are stated in the opinions. Affirmed.

*O. Mosness*, for appellant.

*Frederick B. Lathrop*, for respondents.

COLLINS, J. Under the terms of G. S. 1894, § 4218,—which is simply a statement of the common-law rule,—all deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, are void as against creditors, existing or subsequent, of such person; and this section applies to real property as well as personal estate. The only question presented by this

[1] Reported in 67 N. W. 538.

appeal is whether the complaint herein stated facts sufficient to constitute a cause of action under the above-mentioned section.

The complaint set forth the rendition and docketing of a judgment in favor of plaintiff and against defendant C. E. Lindberg in the year 1894. The nature of the liability or claim on which this judgment was obtained, or when incurred, was not stated. The conveyance attacked, whereby the above-named defendant conveyed in fee simple the land in question to his co-defendant, Hans G. Lindberg, was executed, delivered, and recorded in 1891, three years before the judgment, according to the averments in the complaint. Evidently the pleader sought to state facts sufficient to bring his case within the provisions of G. S. 1894, § 4222, for he averred that the conveyance was without a real consideration, was a mere sham, and was made with intent to defraud the creditors of the judgment debtor; but he has failed to do so, and practically admits this in his brief; and while, for the purposes of this case, we need not stop to state what is required in a complaint or upon a trial where a creditor, subsequent to a conveyance, seeks to avoid it as forbidden by the terms of said section 4222, attention may be here called to language used in Sanders v. Chandler, 26 Minn. 273, 3 N. W. 351; Fullington v. Northwestern I. & B. Assn., 48 Minn. 490, 51 N. W. 475. See, also, Wait, Fraud. Conv. c. 6.

We also think that plaintiff's counsel has failed to set forth sufficient facts to bring his case within the provisions of said section 4218, assuming, as we do, that this section was properly construed in the recent case of Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; and upon the correctness of this construction, if it be questioned, see Bump, Fraud. Conv. §§ 191, 298, with numerous cases cited. To be sure, it was alleged that the judgment debtor was still the owner of the realty, and that "it is now simply held" by Hans "in trust for" C. E. Lindberg. But it was not averred that the conveyance was made in trust for the person making it, who subsequently became the judgment debtor. It should have been more definite and certain in respect to the character of the conveyance. If plaintiff wishes to avail himself of the provisions of section 4218, he should allege facts sufficient to clearly bring his case within it, and not leave it doubtful or uncertain.

Order affirmed.

CANTY, J. I concur. The judgment debtor was the owner of the land in question in 1891. The complaint contains the following allegations: "That prior to the recovery of said judgment, to wit, on the second day of November, 1891, the defendant C. E. Lindberg made a pretended conveyance in fee of said described real estate to his brother, Hans G. Lindberg, the other defendant herein named, for a pretended consideration of $12,500. And the plaintiff states that said conveyance was not real, but a mere sham, and made with the intention of defrauding the creditors of the said C. E. Lindberg; that no consideration was paid by Hans G. Lindberg to the said C. E. Lindberg for the said conveyance, and that the said C. E. Lindberg is still the real owner of said real estate, and that the same is now simply held by said Hans G. Lindberg in trust for the said C. E. Lindberg, and for his use and benefit, and for the purpose of preventing a levy and sale of said premises by virtue of said execution; and that said Hans G. Lindberg has no ownership or interest in said premises whatever."

While it is alleged that C. E. Lindberg conveyed the property with intent to defraud his creditors, it nowhere appears that he then or ever subsequently had any creditors, or ever expected to have any, until this judgment was entered in May, 1894; and, for all that appears, this judgment may have been entered for some claim which he never could have anticipated being liable for,—such, for instance, as the negligence of his servant resulting in injury to plaintiff a short time before the judgment, and for which injury the judgment debtor was held liable on the principle of respondeat superior. An allegation that a conveyance was "made with the intention of defrauding the creditors" of the grantor is not sufficient to show that there ever were any creditors whom he could intend or did intend to defraud. It is true that, if the conveyance was made by the grantor in trust for himself, and the declaration or reservation of trust is not within the statute of frauds, but in writing (as was the case in Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818), any subsequent creditor who happens to become such merely by the entry of a judgment may, regardless of the question of fraud, proceed by creditors' bill or otherwise to subject the grantor's trust interest to the satisfaction of the judgment. But if the declaration or reservation of trust is not in writing, but within the statute of frauds, the subsequent creditor can-

not attack the grantor's disposition of the property, unless the same is in fraud of creditors. Pillsbury-Washburn F. M. Co. v. Kistler, 53 Minn. 123, 54 N. W. 1063. But in the case at bar it does not appear from the complaint that any contract, whether verbal or written, was ever made whereby the grantor reserved any interest in the property conveyed by him. The allegation that he "is still the real owner" of said "real estate," and "that the same is now simply held * * * in trust for him," "and for his use and benefit," are, under the circumstances, mere conclusions of law.