W. H. WILLIAMS v. LOUISE KEMPER and Another.[1]

November 2, 1906.

Nos. 14,927—(65).

**Fraudulent Conveyance.**

A subsequent creditor cannot avoid a conveyance by his debtor merely because it was made with intent to defraud existing creditors. A subsequent creditor to avoid such a conveyance, must allege and prove facts showing that its purpose was, or its effect will be, to defraud him.

**Conveyance in Trust.**

A transfer of real or personal property by a debtor to a third party to be held in trust for his use and benefit is void as to existing and subsequent creditors.

**Pleading—Complaint.**

In an action in the nature of a creditor's suit to subject property so held in trust for the debtor, if it is alleged in the complaint that the creditor has recovered a judgment against the debtor and that an execution has been issued and returned unsatisfied, it is not necessary further to allege that the debtor is insolvent and has no other property from which the judgment can be paid.

Appeal by defendants from an order of the district court for Ramsey county, Olin B. Lewis, J., overruling a demurrer to the complaint of the plaintiff, W. H. Williams, as receiver for the property of Gustave Kemper. Affirmed.

[1] Reported in 109 N. W. 242.

*C. D. & R. D. O'Brien,* for appellants.

*B. H. Schriber,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Ramsey overruling the demurrer to the complaint. The complaint alleges the recovery of judgment for $813.20 against the defendant Gustave Kemper by one of his creditors, which is wholly unpaid; that execution was duly issued to collect it and returned unsatisfied; and, further, that the plaintiff, in proceedings supplementary to the execution, was appointed, and now is, the receiver of the property and estate of the judgment debtor. The complaint also alleges in effect that the defendant Gustave Kemper, on September 12, 1900, was the owner of the real estate therein described which he occupied and used as a manufacturing plant, and that the business which he was there conducting was attended with financial hazards; that, for the purpose of saving himself harmless from such hazards, and for the purpose of placing such real estate beyond the reach of any of his creditors, either antecedent or subsequent, and for the purpose of securing to himself and for his use and benefit the title thereto free from any claims of creditors against him, he conveyed the real estate to a third party, who in turn conveyed it to his wife, the defendant Louise Kemper; that such conveyances were made and accepted by all of the parties thereto for the purpose of hindering and defrauding the creditors, antecedent and subsequent, of the defendant Gustave Kemper upon the secret trust for his benefit, and that the defendant Louise Kemper holds the legal title of the real estate in trust for the use and benefit of the defendant Gustave Kemper. The complaint does not allege that the plaintiff represents any creditor of the defendant Gustave Kemper, who was such at the time such conveyances were made, nor does it directly allege that he was then or now insolvent. It is the contention of the defendants that, because the complaint fails so to allege, it does not state a cause of action.

A subsequent creditor cannot avoid a conveyance by his debtor merely because it was made with intent to defraud existing creditors at the time of its execution. A subsequent creditor, to avoid such a conveyance, must allege and establish that its purpose was, or its

effect will be, to defraud him. Stone v. Myers, 9 Minn. 287 (303) 86 Am. Dec. 104; Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831; Fullington v. Northwestern Imp. & B. Ass'n, 48 Minn. 490, 51 N. W. 475, 31 Am. St. 663; Anderson v. Lindberg, 64 Minn. 476, 67 N. W. 538.

This is the rule applicable to actions brought pursuant to the provisions of R. L. 1905, § 3498 (G. S. 1894, § 4222), where the transfer is made, not in trust for the grantor, but the absolute title is vested in the grantee, as between the parties, for the purpose of defrauding creditors. The complaint herein does not show that the parties whom the plaintiff represents were creditors when the conveyance was made, nor does it allege facts showing that, if the absolute title vested in the grantee, as between the parties, the conveyance was made for the purpose of defrauding subsequent creditors within the meaning of the rule. The complaint, however, may be fairly construed as alleging a cause of action in the nature of a creditor's suit to subject to the payment of the judgment real estate conveyed to the defendant Louise Kemper by the debtor, the defendant Gustave Kemper, to be held in trust for his use and benefit as his property. Such a transfer of property, whether it be real or personal, is void as against either existing or subsequent creditors or both, for as to them it remains the property of the debtor and subject to the payment of his debts. Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; Anderson v. Lindberg, supra. See Camp v. Thompson, 25 Minn. 175.

The complaint in an action in the nature of a creditor's suit to reach property, the legal title of which is held in trust by a third party for the use and benefit of the debtor, must allege facts showing that the creditor has exhausted his remedy at law. The general rule in such cases is that the fact that the creditor has obtained a judgment against his debtor and that an execution to collect it has been duly issued and returned unsatisfied must be alleged in the complaint, and that it is not necessary further to allege directly that the debtor is insolvent, and has no other property from which the judgment may be satisfied. Wadsworth v. Schisselbauer, 32 Minn. 84, 19 N. W. 390; Moffatt v. Tuttle, 35 Minn. 301, 28 N. W. 509; Daskam v. Neff, 79 Wis. 161, 47 N. W. 1132; 5 Enc. Pl. & Pr. 565; 12 Cyc. 39. The case of Seager v. Armstrong, 95 Minn. 414, 104 N. W. 479, is not here in

point, for that was an action by a trustee in bankruptcy and necessarily there was no allegation in the complaint of the return of an execution nulla bona.

In exceptional cases where it is impossible to obtain a personal judgment and the return of execution nulla bona, the rule seems to be that an allegation that the debtor was insolvent or a nonresident and had no property within the state would be sufficient without alleging the recovery of a judgment and the return of the execution unsatisfied. See Overmire v. Haworth, 48 Minn. 372, 51 N. W. 121, 31 Am. St. 660, and Rule v. Omega Stove & Grate Co., 64 Minn. 326, 67 N. W. 60. In the case of Spooner v. Travelers Ins. Co., 76 Minn. 311, 79 N. W. 305, 77 Am. St. 651, a statement not necessary to the conclusion reached, is made to the effect that, in an action in the nature of a creditor's suit to reach equitable assets, the complaint must allege that the debtor is insolvent and has no other property from which the creditor's debt may be satisfied. This is not an accurate statement of the law where the complaint alleges the fact that judgment has been recovered and an execution issued and returned unsatisfied, because the conclusion that the creditor has exhausted all legal remedies necessarily follows from the allegation of such ultimate fact, which is also the best evidence that the debtor is insolvent and has no other property out of which the judgment can be paid. Fryberger v. Berven, 88 Minn. 311, 92 N. W. 1125.

It follows that the allegation in the complaint in this action to the effect that judgment had been recovered against the debtor and that execution had been issued and returned unsatisfied was sufficient, without further alleging that he was insolvent and had no other property, and further that the complaint states a cause of action.

Order affirmed.