LOOMIS F. IRISH v. STEPHEN DANIELS and Another.[1]

February 21, 1907.

Nos. 15,015—(138).

**Fraudulent Conveyance—Evidence.**

In a proceeding by a creditor to set aside a transfer of real estate because fraudulent as against creditors, and to subject the land to the lien of his judgment, he must show, by evidence outside of his proof of judgment, that the claim upon which that judgment was based existed at such a time as to have made him a creditor when the alleged fraudulent transfer was made.

[1] Reported in 110 N. W. 968.

**Same—Res Judicata.**

> He is not required to establish the fact that such claim was valid and' enforceable. This is determined by the judgment. The grantee is estopped from setting up any defense, including the bar of the statute of' limitations, which might have been interposed in the original action. The judgment cannot be impeached in collateral proceedings except for fraud.. Schmitt v. Dahl, 88 Minn. 506, followed and approved.

**Evidence.**

> Evidence is *held* sufficient to show fraud in the transfer.

Action in the district court for Dodge county to subject certain land owned by one defendant to the lien of a judgment against her husband. The case was tried before Buckham, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant Adelia Daniels appealed. Affirmed.

*Littleton & Alexander,* for appellant.

*Samuel Lord,* for respondent.

JAGGARD, J.

This was an action brought by the plaintiff and respondent against the appellant and her husband, as defendants, to subject certain land owned by the appellant to the lien of the judgment held by respondent against the other defendant, her husband. The appeal was taken from a judgment rendered for plaintiff upon certain findings of fact and' conclusions of law of the trial court.

In a proceeding to set aside a transfer of land, because fraudulent as against creditors, and to subject it to the lien of the judgment, the person seeking such equitable relief must show at least three things, namely: (1) The judgment; (2) by evidence, outside of proof of judgment, that the claim upon which the judgment was based existed at such a time as to have made him a creditor when the alleged fraudulent transfer was made; and (3) that the transfer was fraudulent as to such creditor.

1. The principal question in this appeal concerns, not the sufficiency of the proof of the claim upon which the judgment was based, but the proof of a sufficient claim. That claim was a note, executed by the husband of appellant, falling due November 15, 1890, which by various transfers became the property of respondent in 1897. On its back were two purported indorsements—one in 1891; another in 1896..

Judgment by default against its maker was taken in August, 1898. The transfer was made in February, 1898.

Defendant insists that the evidence outside of the proof of the judgment must show both that the owner of the debt was a creditor when the transfer was made and that the debt was a valid claim, and that inasmuch as the evidence showed the bar of the debt by the statute of limitations when the transfer was made, plaintiff was entitled to no relief. The argument is that no significance is to be attached to the two purported indorsements of payment, because there was no evidence tending to show that these indorsements had been made when it was against the interest of the holder of the note to make them. See Young v. Perkins, 29 Minn. 173, 176, 12 N. W. 515.

This controversy is determined by Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665, 67 L. R. A. 590. It was there held that the creditor was not bound to establish that the claim upon which the judgment was based was lawful, and that the judgment was not subject to collateral attack, except for fraud, but was conclusive as to all defenses which might have been interposed in the original action. The reasoning is obvious. The purpose of requiring such independent proof is to show that the transfer was made at such a time as to entitle the owner of the claim on which the judgment was based to object to the fraudulent purpose of the transfer. The validity, the enforceability, of the original claim was res adjudicata. The grantee was not entitled to introduce in the action to enforce the lien of the judgment against his land a defense which might have been set up and determined in the original proceeding resulting in the judgment sought to be enforced.

2. The assignments of error also present the question whether the findings of fact, especially with reference to fraud on the part of the vendee (see Leqve v. Smith, 63 Minn. 24, 26, 65 N. W. 121), are justified by the evidence. Within the familiar rule on that subject (Hicks v. Stone, 13 Minn. 398 (434), we are clearly of the opinion that the findings of the trial court were justified. See R. L. 1905, §§ 3245, 3246; Leonard v. Green, 34 Minn. 137, 24 N. W. 915; Ladd v. Newell, 34 Minn. 107, 24 N. W. 366.

Judgment affirmed.