### C. W. JOHNSON v. UNION INVESTMENT COMPANY.[1]

May 20, 1921.

No. 22,153.

**Conveyance in fraud of creditors — verdict sustained.**

1. In an action where the issue was whether a conveyance to the plaintiff was in fraud of the creditors of his grantor, of whom the defendant was a judgment creditor, it did not conclusively appear that the indebtedness represented by the judgment docketed after the conveyance existed at the time of it, and a finding of the jury that it did not, and that the defendant was a subsequent creditor, is sustained by the evidence.

**When conveyance is fraudulent as to subsequent creditors. .**

2. A conveyance may be fraudulent as to subsequent creditors, as when its purpose and effect is to defraud creditors whom it is expected the grantor will have, or when the conveyance is really in trust for the use of the grantor and is intended as a cover. The evidence was not such as to require a finding that the conveyance to the plaintiff was fraudulent as to the defendant, a subsequent creditor.

Action in ejectment in the district court for Swift county and to recover $800 for rents and profits, use and occupation of the property. Defendant in its answer alleged that there was a prior action pending involving the same issues. The case was tried before Qvale, J., who at the close of the testimony denied motions by both parties for a directed verdict, and a jury which returned a verdict that plaintiff was owner of the property and for $500 for its use and occupation. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Jesse Van Valkenburg* and *Charles B. Elliott,* for appellant.

*H. E. Fryberger* and *Hudson & Hudson,* for respondent.

DIBELL, J.

Action of ejectment. There was a verdict and judgment for the plaintiff. The defendant appeals.

[1]Reported in 182 N. W. 955.

The defendant claims title under an execution sale against the grantor of the plaintiff. The judgment was docketed after the conveyance. The question is whether the conveyance was fraudulent as to the defendant, a creditor of the plaintiff's grantor.

1. Pulver, the owner, conveyed a quarter section in Swift county to the plaintiff, Johnson, on January 9, 1913. Defendant obtained judgment in Hennepin county against Pulver for $11,678.48 on June 3, 1915. The land was attached on June 13, 1914. The judgment was reduced by payments to $8,361.24. On February 27, 1917, a transcript was docketed in Swift county. The defendant purchased the land at the execution sale on July 11, 1917. There was no redemption. The defendant has no title, unless the conveyance from Pulver to the plaintiff was fraudulent. If it was fraudulent as to the defendant, it has title.

The action in which the judgment was rendered was commenced in May, 1913. An amended complaint was filed in May, 1914. It sought a recovery on notes aggregating some $25,000. Payments were made after suit. On June 1, 1915, the parties stipulated for judgment for $11,-678.48. There was collateral which it was agreed should be applied when collected, and collateral so applied reduced the judgment to $8,-361.24. Two of the notes in the amended complaint were dated on November 12, 1912. The others were dated after the date of the transfer from Pulver to Johnson.

The judgment was conclusive of the indebtedness at the time of its rendition. It did not prove the existence of a debt on January 9, 1913, the date of the conveyance from Pulver to Johnson. The burden was on the judgment creditor alleging fraud to prove that the debt antedated the conveyance. Irish v. Daniels, 100 Minn. 189, 110 N. W. 968; Schmitt v. Dahl, 88 Minn. 506, 93 N. W. 665, 67 L.R.A. 590.

It is alleged as error that the court submitted the question whether the defendant's judgment represented a debt existing at the time of the conveyance to the plaintiff. The evidentiary facts involved in a solution of the question are confusing. Counsel for the plaintiff urges that it conclusively appears that none of the indebtedness antedated the conveyance, and counsel for the defendant with equal earnestness contends that it conclusively appears that all of the indebtedness existed on January 9, 1913. Of course the mere renewal of notes then existing did not pay

the indebtedness which they represented.

After going over the evidence with all possible care, we are unable to say that it conclusively appears that the indebtedness antedated the conveyance. The evidence sustains a finding that none of it did. There was no error against the defendant in leaving the question to the jury.

2. The defendant, then, is in the position of a subsequent creditor. A conveyance may be fraudulent as to subsequent creditors. The purpose and effect of a conveyance may be to defraud subsequent creditors, and if so it will be adjudged fraudulent. Sovell v. County of Lincoln, 129 Minn. 356, 152 N. W. 727; Williams v. Kemper, 99 Minn. 301, 109 N. W. 242; Fullington v. Northwestern I. & B. Assn. 48 Minn. 490, 51 N. W. 475, 31 Am. St. 663; Walsh v. Byrnes, 39 Minn. 527, 40 N. W. 831. And the conveyance may be made really for the use of the grantor upon a secret trust or understanding that he shall have the benefit of the property, in which event it is fraudulent as to subsequent creditors. Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; Anderson v. Lindberg, 64 Minn. 476, 67 N. W. 538. Pulver's testimony was that the property was deeded to Johnson to secure the support of his (Pulver's) crippled daughter, then a young child, who has since died. Pulver was not well at the time and feared unfavorable results. He testified that he was indebted to the plaintiff in an uncertain sum at the time. The plaintiff was his cousin. His story did not greatly impress the trial court. It was not so incredible that a jury could not believe it, and the trial court did not think that a new trial should be granted in the exercise of its discretion. The jury might have found that Pulver's financial condition at that time, as he understood it, was not at all bad, and that he might as to future creditors make a provision for his daughter, or might make a gift, and it was not required to find that the conveyance to the defendant was only a cover. It may be noted that Pulver claims that before the deed was made he talked over with the officers of the defendant the making of it and its propriety and that the arrangement had their approval. The evidence did not require a finding of fraud.

Judgment affirmed.