MARIA NIELSON v. MARINUS LARSON AND OTHERS. ELLENDALE STATE BANK, APPELLANT.[1]

February 29, 1924.

No. 23,834.

Setting aside of assignment as in fraud of creditors not sustained by evidence.

1. In an action to set aside an assignment of certain cream checks, upon the ground that it was made to defraud the assignor's creditors, *held* that the evidence is not sufficient to support the contention and order for judgment.

Validity of transfer of property to creditor, with agreement for advances, dependent on its fairness.

2. As a general rule, the validity of a transfer of property given by a debtor to a creditor to secure or pay his claim, in consideration for which he agrees to advance to the debtor sufficient to enable him to live during the season, depends upon the bona fides and fairness of the transaction.

Cannot be avoided by subsequent creditor on sole ground of intent to defraud creditors.

3. The rule is settled in this state that a subsequent creditor cannot avoid a conveyance by his debtor merely because it was made with intent to defraud his creditors. To avoid such a conveyance, the subsequent creditor must allege and prove facts showing that its purpose was to defraud him.

Action in the district court for Steele county to have a certain assignment to appellant bank declared null and void and for an accounting. The case was tried before Childress, J., who when plaintiff rested denied defendant's motion to dismiss, made findings that the assignment was void, and that plaintiff recover $245.01, and one-half of the sum of $144.07 paid into court by defendant creamery association. From an order, Senn, J., denying its motion for a new trial, defendant bank appealed. Reversed.

*Moonan & Moonan,* for appellant.

*Nelson & Nelson,* for respondent.

[1]Reported in 197 N. W. 259.

QUINN, J.

By this action plaintiff seeks to have an assignment of certain cream checks declared void, upon the ground that it was executed by the defendant Larson in fraud of his creditors, and for judgment in favor of plaintiff for one-half the amount of such checks. The cause was tried before the Honerable A. B. Childress, then judge of the Fifth judicial district, where findings were made and judgment ordered in favor of plaintiff and against the defendants, Larson and the bank, to the effect that the assignment is void as to plaintiff, and that she have judgment for $245.01, this amount being one-half of the cream checks from April to August, 1921, both inclusive, and that she is entitled to one-half of the $144.07 paid into court by the defendant creamery company. From an order denying its motion for a new trial, the defendant bank appealed.

During the year 1920, the defendant Larson owned a farm of 160 acres in Steele county, upon which he lived with his family, and upon which he had considerable personal property, including 14 milch cows. In December of that year, he borrowed $1,650 from the defendant bank, giving it a note and a chattel mortgage upon all his personal property, to secure the payment of the note. This mortgage was recorded at once. Larson also owed the bank $200 upon an unsecured note. On December 27, 1920, he executed a chattel mortgage to the Geneva State Bank, covering the crops to be grown on said farm during the farming season of 1921. Upon learning of the giving of this mortgage upon the crops, the officers of the defendant bank procured from Larson an assignment of his cream checks as additional security, agreeing at the same time to furnish Larson money to live on from time to time if it became necessary. The assignment was duly filed as provided for by section 7017, G. S. 1913, and notice thereof given the creamery company.

In February, 1921, plaintiff became the owner of the Larson farm, and on March 14 leased it to Larson for one year ending March 1, 1922, for a cash rental of $800. The lease contained a provision as follows: "And the said second party agrees to and with the said first party to pay as rent for the above mentioned premises, for and

during the full term of this lease, the sum of Eight Hundred Dollars, payable at Security State Bank in 12 installments of ½ half of each cream check balance due on contract Feb. 20, 1922. ½ half of cream check is hereby assigned to Maria Nielsen."

The lease was not filed for record nor was any notice of its execution given the creamery association until in October. Larson had paid no rent to plaintiff excepting about $80 which the bank let him have for that purpose as one-half of the cream checks for February and March. In October Larson was evicted because of nonpayment of his rent. He hauled no more cream to the creamery.

During the months of April to August, both inclusive, the creamery association, as was its custom, deducted the amount of butter which Larson received for his private use, from the amount of cream delivered each month, and issued and delivered to the bank a check for the balance. In this way the bank received during said months the sum of $452.82. Subsequently the bank indorsed upon the $1,650 note the sum of $140, presumably out of the money received on the cream checks, and allowed Larson to draw the balance of the cream money which it held, amounting to $312.82 for living expenses and labor upon the farm.

The bank foreclosed its mortgage and the property covered thereby was sold for $1,383 on January 27, 1922, which amount less $63.49, the costs incurred in foreclosing the mortgage and caring for the property, was indorsed upon the note, leaving a balance unpaid thereon of $393.16. We find no conflict in the proofs as to the foregoing facts. There was considerable confusion brought about in arriving at a result in the controversy on account of so many outside issues having been injected by the evidence.

It is contended on behalf of plaintiff that, when leasing the farm, she was informed that the assignment of the cream checks by Larson to the bank was not binding upon Larson and that he would be forced to pay her one-half of such checks. She further contends that the assignment is void as to her, because the bank agreed to allow Larson to draw and use a part of the money received on the checks to live on during the summer. While it is claimed on behalf of the bank that it held a valid mortgage covering all of Larson's

personal property, including the cows from which the cream was to be derived, and that when Larson gave a mortgage on his crops, long before the plaintiff became the owner of the farm, it became apparent that Larson would be unable to feed and care for his stock, it then became necessary, in order to protect .its security, to procure an assignment of the cream checks, and to advance sufficient money therefrom to Larson to enable him to live and care for the stock during the summer.

We find no evidence of an intention to defraud the plaintiff in this transaction. The most that may be said is that it clearly appears, from the record and brief of the respondent, that in leasing the farm to Larson, plaintiff relied upon the opinion of her agent, on a question of law based on facts known to all the parties alike. This does not constitute fraud. Rheingans v. Smith, 161 Cal. 362, 119 Pac. 494, Ann. Cas. 1913B, 1140, and note. Plaintiff's agent knew of the assignment at the time he leased the farm, and clearly assumed the chance of recovering one-half of the money on the checks regardless of appellant's assignment. It is not claimed that either Larson or any of appellant's officers in any way attempted to deceive or mislead plaintiff or her agent. At the time of the assignment to the bank, Larson owed the plaintiff nothing. The plaintiff made the lease with full knowledge of the assignment, and her claim to an interest in the checks was, clearly subject to the prior claim of the bank.

As a general proposition, the validity of a transfer or security given by a debtor to a creditor to secure or pay his claim, in consideration for which he agrees to advance to the debtor sufficient therefrom to enable the debtor to live, depends upon the bona fides and fairness of the transaction. We discover nothing in connection with the transaction to take the case out of the general rule. We find no evidence of any intentional fraud by any of the parties defendant to injure the plaintiff. The checks were not sufficient to supply Larson's table and cover appellant's claim.

The rule is well settled in this state that a subsequent creditor cannot avoid a conveyance by his debtor merely because it was made with intent to defraud his creditors. A subsequent creditor, to

avoid such a conveyance, must allege and prove facts showing that its purpose was, or its effect will be, to defraud him. In other words a subsequent creditor cannot avoid a conveyance of his debtor merely because it was made with intent to defraud creditors existing at the time of its execution. Fullington v. N. W. Importers & Breeders Assn. 48 Minn. 490, 51 N. W. 475, 31 Am. St. 663; Anderson v. Lindberg, 64 Minn. 476, 67 N. W. 538; First Nat. Bank of Wabasha v. Brass, 71 Minn. 211, 73 N. W. 729; Denison v. Sawyer, 95 Minn. 417, 104 N. W. 305; Williams v. Kemper, 99 Minn. 301, 109 N. W. 242; Coulter v. Meining, 143 Minn. 104, 172 N. W. 910; Johnson v. Union Inv. Co. 149 Minn. 106, 183 N. W. 955.

It may be noted that, under the provisions of section 7951, G. S. 1913, provisions for the debtor and his family necessary for one year's support, either provided or growing, are exempt. Under the holdings of this court, the advancing of money for feed for mortgaged property, does not invalidate the mortgage as to subsequent creditors. Berkner v. Lewis, 133 Minn. 375, 158 N. W. 612.

The evidence does not support either the findings of fact or the conclusions made therefrom.

Reversed.