MARIANGELA BELLINI *et al. vs.* F. NEAS *et al.*

JUNE 27, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

BARROWS, J. Certain lots of real estate, some with buildings thereon, in Providence were conveyed to Mariangela but actually were paid for by her husband,

James Bellini. The property was deeded to her November 18, 1925, by one Rosa and there was evidence that it was worth as much as $27,000.

Just prior to the conveyance, one Neas and one Cecca had sold and delivered merchandise to Rosa, who had no other property, and credit had been given on the strength of Rosa's ownership of said real estate. The real estate was mortgaged for $15,000 and Rosa was found by the trial court to have been indebted to Bellini at the time of the transfer for money lent and interest in excess of $11,000. Bellini held Rosa's promissory notes therefor. These notes were cancelled and destroyed, Bellini agreed to buy the property for $27,297, paid Rosa $550, assumed the mortgage indebtedness and received a deed of absolute conveyance to his wife. No claim was made that Mariangela took any beneficial interest. Her holding as trustee for James was conceded.

When the deed passed, a secret agreement was made that Rosa should be allowed to occupy the premises and have the privilege of cultivating the land, rent free, for two years. This occupancy was valued at $720 and considered as part of the purchase price. Shortly after the conveyance, Neas and Cecca each brought suit against Rosa and attached the real estate in question.

The present proceeding was a bill in equity by Bellini seeking to remove the cloud on his title which he asserted was created by the attachments. Respondents Neas and Cecca filed an answer asserting that the conveyance was in fraud of Rosa's creditors and asking by way of cross bill that Rosa be summoned in as a party and that Mrs. Bellini be declared to be a trustee of the property to such an extent as should be established in their suits at law against Rosa.

After replication and hearing on issues of fact the Superior Court found that there was no actual fraudulent intent on the part of Bellini or Rosa though the intent to give a preference to Bellini did exist; that apart from the bankruptcy law this was permissible. *Nichols* v. *Reynolds*, 1 R. I. 30. The court held that even if the consideration were

adequate the secret reservation of right to occupy by Rosa rendered the transaction fraudulent as a matter of law. G. L. 1923, Ch. 297, Sec. 1 (4267). It denied complainants' prayer and granted the prayer of the cross bill of respondents Neas and Cecca, but instead of awaiting the outcome of their suits at law it sent the matter to a master in chancery to fix the amount of indebtedness; that to Neas was fixed at $1,214.30 and to Cecca at $826.10. A final decree was entered giving them a lien on the property and providing for a sale to satisfy the amounts due them.

From this decree complainants and respondent Rosa both appealed on the same grounds, viz., that the court erred in holding the transfer fraudulent in law and also in sending the case to a master to fix the amount of the indebtedness. Procedural irregularities connected with the allowance of the master's report also are claimed. It is asserted that the report was never legally confirmed because appellants had no notice of its opening and were not permitted to file exceptions to the master's findings after thirty days from the filing of the report.

Respondents Neas and Cecca rightfully were brought before a court of equity at the instance of Mrs. Bellini. Rosa who, with the Bellinis, participated in the transaction was properly summoned in and the cross bill asking affirmative relief on the case stated in the bill was properly a part of this equitable procedure. *Paine* v. *Sackett,* 25 R. I. 561; *Peck* v. *Levesque,* 42 R. I. 53. Though the court might find the transfer to be one in fraud of creditors of Rosa, unless Neas and Cecca were such, their attachments created a cloud on Bellini's title. Hence, when the court found the transfer fraudulent in law as against creditors, its next step was to ascertain whether Neas and Cecca were creditors and, if so, to what amounts. This it could do either by awaiting the outcome of the suits at law, by itself hearing testimony, or by reference to a master. G. L. 1923, Ch. 339, Sec. 17. The court was not bound to await the result of the trial at law. Having jurisdiction it could use recognized equitable

methods for ascertaining facts and could settle the entire controversy. *Averill* v. *Vermont Valley R. R. Co.*, 92 Atl. 220, at 222. Jury trial is not a matter of right in an equity case.

Nor is there merit to the contention that complainants and Rosa were deprived of a right to file exceptions to the master's report. They knew of, were present or represented at, the hearings before the master. They made no objections to the report before the master and although they were sent draft copies of his report and notice of the time and place for hearing objections thereto, they neither appeared nor objected. The draft report was then filed as the master's report and counsel notified thereof the same day.

If the report may be considered as filed, failure to object before the master precluded objections thereto before the court. *McAuslan* v. *McAuslan*, 34 R. I. 462; *Bosworth* v. *Johnson*, 45 R. I. 86. However, appellants contend that the report may not be considered as legally filed. Superior Court Rule 40 allows thirty days after filing for exceptions and they received no notice from the clerk of the opening of the report. G. L. 1923, Ch. 339, Sec. 17. Notice of opening would not have given them any additional rights to except. Exceptions if filed could not have been considered because no objections had been taken before the master. *Teoli* v. *Nardolillo*, 23 R. I. 87; *McAuslan* v. *McAuslan*, *supra*, at 477. It is true that under a similar equity rule where a report was filed sealed, and not to be opened until the fees were paid, the court treated the report as not filed and gave objectors thirty days after opening or payment of fees to except. *Donaldson* v. *Johnson*, 16 R. I. 346. But where the report is filed open, as here, all parties having knowledge thereof, and more than thirty days elapse and notice then is served on them of the time for hearing on confirmation and they are present at same, we see no reason to consider the report as not filed. The provisions of the statute relating to notice of opening from the clerk are inapplicable when the report always has been openly avail-

able. In the case at bar from the moment of transmission to the clerk and the master's notice thereof to the parties, it has been open to all parties in the clerk's office. In such a situation the report is filed when deposited with the clerk. We therefore conclude that no procedural errors were made in connection with the reference of the case to a master or in connection with the latter's report or the proceedings thereafter.

The vital question in the case was whether the facts connected with the conveyance created a presumption of fraud which was rebuttable or whether *per se* they made the conveyance fraudulent in law. Fraudulent intent in cases of assignments of wages has been several times dealt with by this court. *Robinson* v. *McKenna*, 21 R. I. 117; *Lennon* v. *Parker*, 22 R. I. 43. In the former case we said that it usually, but not always, was a question of fact. See also *Fainardi* v. *Dunn*, 46 R. I. 344. We have also held that provisions in a deed which *prima facie* seem dishonest may be explained by evidence tending to remove the inference of fraud. *Austin* v. *Sprague*, 14 R. I. 464. This, however, applies to fraudulent intentions sometimes called fraud in fact. In the case before us the court expressly found no such fraud.

The legal principle has been established generally that an absolute conveyance of attachable property with a secret reservation for the benefit of vendor is fraud. 12 R. C. L. p. 545. It is immaterial whether the intention of the parties be honest or fraudulent. *McKey* v. *Cochran*, 262 Ill. 376; 27 C. J. 598, 600, 606, 607. Note 71, p. 601, reads: "The reason is that the transfer places beyond the reach of creditors a valuable right and gives to the debtor the beneficial enjoyment of what rightfully belongs to them." The principle is as applicable to conveyances of realty as to transfers of personalty, 27 C. J. 607, *Wetherill* v. *Canney*, 62 Minn. 341, *Sandlin* v. *Robbins*, 62 Ala. 477, and the transfer is obnoxious to the statute against fraudulent conveyances whether the interest reserved is of great or

small value. *Lukins* v. *Aird*, 6 Wall. (U. S.) 78; *McClurg* v. *Lecky*, 3 Pen & W. (Pa.) 83; *Sims* v. *Gaines*, 64 Ala. 392; *Dean* v. *Skinner*, 42 Iowa, 418; *Macomber* v. *Peck*, 39 Iowa, 351; *Scott* v. *Hartman*, 26 N. J. Eq. 89; Wait on Fraudulent Conveyances, 3rd ed., § 272, p. 480. Such reservation affects the whole transfer and not merely the part of it which relates to the property reserved to the debtor. *McClurg* v. *Lecky, supra.* No error was made by the Superior Court.

The appeals are dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Hogan & Hogan, Edward J. Noons,* for complainants.

*Grim, Littlefield & Eden, Benjamin W. Grim,* for respondent.

*Knauer & Fowler, DePasquale & Turano,* for other respondents.

